Barnard, J.
The words by which the legacy of $20,000' is given to the testator’s daughter convey" a fee.
The gift is expressed in absolute terms, “ to her and her heirs forever.” The residuary bequest also conveys unmistakably a fee, the words stating a bequest “ to my said daughter, Mary F. Mead, and- to her heirs.” The testator has used no sufficient words to cut down this absolute-bequest. The words in the will by force of which such a claim is made are as follows : “ All, each and every of the foregoing devises, gifts and bequests as made in this my last will and testament to my said daughter, Mary F. Mead, are made upon the express condition and my will is that if my said daughter, Mary F. Mead, dies without lawful issue, leaving no child or children, in that event I *95 devise, give and bequeath all that may be left of the property and legacy devised, given and bequeathed to her in this my last will to my brother, Daniel Fields, and my sisters, Maria Hatfield, Harriet Marks, Elizabeth Goodwin and Sarah Hermanee, to be equally divided between each to share and share alike, to them and their heirs forever.
“ I hereby authorize my executor or executrix to see that the above conditions are strictly carried out under any and all circumstances.
“ I order and direct my executor and executrix to pay out of my personal estate the legacy to my said daughter, Mary F. Mead, before any other legacies are paid; her legacy is to take the preference to any and all other-legacies above named.”
By a previous clause of the will the testator directed the legacy “ to be paid to her out of my personal- estate in bank stock, bond and mortgages and other good securities.”
Under the cases applicable to the construction of wills the intent of the will is to govern, and this intent is to-be gathered from the whole will. It is true that a fee may be provided for upon the happening of a condition like the death of the first taker without children, and that a gift in absolute terms may be cut down if so required by the-whole will taken together. The only exception to the limiting of a fee upon a fee upon the happening of a contingency is when an absolute power of disposal is given to the first devisee or legatee to use up the property. In such a case the fee vests in the first legatee. Van Horne v. Campbell, 100 N. Y., 287.
The intent of the testator as I gather it from the will is that the property is to be paid at once to the daughter and that she has the right to use it. And it is only “ all that may be left ’’ at her death which is bequeathed over to the brothers and sisters. This seems to be the only construction fairly to be given. The executors are not to keep the securities, nor are they to apply the increase and such part *96 of the principal as the daughter needs during her life. On the contrary they are to pay it to her in the very assets of the estate, and it is only that which she has not consumed during her life, which is attempted to be the subject of the bequest over. This carried a fee to the daughter.
The plaintiff has therefore no cause of action, because the body of the estate is not subject to the condition attempted by the testator to be applied to his daughter’s property.