WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—January, 1887.

MATTER OF LE FEVRE.

*In the matter of the probate of the will of* PETER E.
LE FEVRE, *deceased.*

Testator's will devised and bequeathed all his real and personal estate, after
payment of debts and funeral expenses, to his wife, " to have and to
hold the same during the term of her natural life, subject neverthe-
less, to the conditions" of the will. Then followed clauses, author-
izing her to sell any of the property, and purchase other property with
the proceeds ; to aid needy relatives ; and to give of the estate for
charitable and benevolent purposes ; expressing testator's reliance
solely upon his wife to remember their daughter when the former
should die, and desiring that such child should receive an excellent ed-
ucation ; and finally devising and bequeathing the remainder of the
real and personal estate, after the wife was done therewith, to the
daughter, her heirs and assigns forever.—

*Held,* as to the personalty, that the force of the clause expressly creating
a limitation to the wife for life was overborne by the general scheme
of the will, whereby she was clothed with an absolute and unconditional
power of disposition ; and that the clauses, subjecting the life estate
to " conditions," and bequeathing a remainder, were nugatory and
void.

ON the probate of the will of the decedent, request
was made that the court construe the same. The
provisions to which attention was directed, and which
embraced all of the disposing parts of the will, were
as follows :

" After the payment of all my just debts and funeral
expenses, I give and devise and bequeath to my dear
and well-beloved wife all of my real and personal
estate, wheresoever situated, that I may die possessed
of, to have and to hold the same during the term of

(her) natural life, subject, nevertheless, to the conditions of this will.   I have an implicit confidence and trust in my dear wife, and I do hereby authorize and hereby empower her, my said wife to sell, and to purchase, any or all of my real or personal estate, and to reinvest the same, as in her good judgment may dictate, in other real or personal estate, relying solely upon my wife to remember our dear child Alice, when she, my wife, is done with the cares and toils of this world. ”

“ And I also do hereby empower and authorize her, my dear wife, as in her discretion and judgment she may deem necessary and proper, to aid and assist any of our relatives or relations who shall or may be in distress, and require assistance at her hands.   Remember, when I am beneath the sod and lost to sight, that it’s my ardent wish that, as far as practicable and possible, you will follow this request. ”

“ I do also hereby authorize and empower her, my said wife, to give for charitable and benevolent purposes, of my said estate, in such proportions as she may deem and seem able and desirable to give, for and to such charitable and benevolent purposes, and as her judgment may dictate.   And finally, after my said wife is done with all of my real and personal estate, and she has gone to sleep in death, I do then bequeath and devise the remainder of my real and personal estate to our dear child, Alice, to her and her heirs and assigns forever.”

“ It is my wish and desire that our daughter, Alice Le Fevre, shall have the advantage of an excellent education, and this my dear wife, I am sure and

sanguine, will see accomplished; her desire is like my own, to do all that is just and proper for this dear child, our only one."

He appointed his wife, Mary Ann Le Fevre, executrix and Benjamin D. Le Fevre, executor of his will and empowered them to sell and convey his real estate. The will was made in 1870.

GIDEON W. DAVENPORT, *for the executors.*

THE SURROGATE.—Taking all of the provisions of the will into consideration, it would seem that the testator intended to give more than a mere life estate to his wife. Although he uses the words " during the term of her natural life," yet he proceeds to clothe her with a power of disposal of the estate, inconsistent with a mere life estate. The words imposing conditions upon the gift of the estate for life, "subject, nevertheless, to the conditions of this will," seem to lack any force, because the will nowhere imposes any " conditions, " within the ordinary meaning of the word, upon the wife. Probably the draftsman used it in the sense of " terms," and, judging from the context, it would appear that the intention was to say: " and, in addition thereto, to have the authority and exercise the powers prescribed by the terms of this will." There is nothing in the will signifying an intention to make the life estate " subject " to anything whatever, aside from the sentence quoted. He authorizes her to sell real and personal estate, and to purchase other real or personal estate; to use his estate in aid of needy relatives; to contribute, from the same source, to charitable and benevolent purposes; and to give

their daughter an excellent education. All this the wife is authorized to do, not as executrix simply, but personally. She is not, in any way, restricted to the income of the estate, as she would be, were it the intention to give her a life estate only. The testator, after authorizing her to sell and purchase property, closes with this language : " relying solely upon my wife to remember our dear child, Alice, when she, my wife, is done with the toils and cares of this world," plainly meaning to express his confidence that she will, by suitable testamentary directions, provide for Alice out of his estate of which he is speaking. And again, the last clause of the disposing parts of the will —" And finally, after my said wife is done with all of my real and personal estate, and she has gone to sleep in death, I do then bequeath and devise the remainder of my real and personal estate, to our dear child Alice Le Fevre, our only child, to her and her heirs and assigns forever, " seems to show that the testator bore in mind that he had given to his wife the power to manage and dispose of his estate at her own pleasure, and that whatever of it might remain at her death undisposed of he wished to secure to the daughter.

The question is not without very serious difficulties ; the peculiar structure of the will rendering it no easy matter, from the language employed, and the somewhat conflicting provisions of the instrument, to reach an entirely satisfactory conclusion ; but the fact that the widow seems to be clothed with an absolute and unconditional power of disposition of the whole of the estate destroys the effect of the words, " during the term of her natural life, " and renders nugatory the

provision in regard to the remainder. See Smith v. Van Nostrand (64 *N. Y.*, 278--284, and cases cited); Campbell v. Beaumont (91 *N. Y.*, 464). The title to the real property is vested in the wife either in fee, or in trust; and the ownership of the personal estate is either absolute or in trust. If she sell the real estate, she will convey in her individual name as grantor, and if she purchase other real estate, she will take title in the same way; and so of her dealings with the personal estate. The power so conferred to sell and purchase in her own name, being followed by the words, " relying *solely* upon my wife to *remember* our dear child, Alice, when she, my wife, is done with the cares and toils of this world," plainly vests the absolute ownership in the wife, upon whom the testator relies to provide by will, out of his estate so devised and bequeathed, for the daughter. No trust can be implied from the expression of the reliance by the testator upon his wife to " remember " the daughter (Bardswell v. Bardswell, 9 *Sim.*, 319). The fact that the testator provided by the limitation over—after his wife was done with all his real and personal estate, that the remainder, *i. e.*, what was left unspent, he gave to his daughter, shows that he intended to give the former power to dispose of the whole (Ide v. Ide, 5 *Mass.*, 500).

I am not unaware of the cogency of the express language, creating a limitation of the estate to the wife for life, but, as already stated, deem it to be overborne by the general scheme of the will. In the case of Hoy v. Mester (6 *Sim.*, 568), where the testator devised the whole of his property to his wife for life; at

her death, one third to his daughter, and the other two thirds to be at the sole and entire disposal of his wife, trusting that, if she should not marry again, she should make the daughter her heir; and the wife died unmarried, it was held that she took an absolute estate in the two thirds, notwithstanding the limitation for life.    So, in Gleason v. Fairweather (4 *Grey*, 348), where a testator devised the use of all his real estate to one of his sons for life, " to the end that he may have the same for an inheritance so long as he may live, with no right to dispose of any part of the same, except such lots as I shall here designate, viz. : (describing four lots) all which he is authorized to sell to pay debts and legacies "; " all of which said lands he may dispose of at his option for the above purpose, if they should not be disposed of in my lifetime; the reversion of all which shall be at his disposal; and all the residue of my personal estate, not otherwise disposed of, I give to him to be at his disposal "; it was held that the devisee took an estate in fee in all the real estate, and that the restraint upon alienation was void.    Hence, here, notwithstanding the apparent limitation for life, where the absolute disposal of the whole estate, to sell and purchase, to use for the support of needy relatives, and for charitable and benevolent purposes, is given to the wife, and under which provisions she might dispose of the whole of the estate, the reliance upon her to " remember " the daughter at the last, and the final phrase " after my said wife is done with all my real and personal estate, " to my mind, indicate an absolute gift to the wife.

There is no express trust created by the will, and

no trust can be implied where there is no obligation imposed (Perry on Trusts, sec. 116). The wife is simply empowered to do certain things which she may perform or not, at her pleasure.

Of course, this court can, on the probate, construe a will as to the personal estate only, but as both real and personal estate stand upon the same footing, as to the application of the principle discussed, it became necessary to examine the whole will, with a view to its proper interpretation as to the personalty.