BENJAMIN GRISWOLD, APPELLANT, *v.* ERASTUS D. WARNER, AS ADMINISTRATOR, ETC., OF RODNEY B. SCOTT AND CHESTER SCOTT, RESPONDENTS.

*Will — when a devise of real estate will be held to vest a fee simple in the devisee — when a bequest of the personal property of the testator to his wife will give her the unqualified power to use and dispose of it, so as to render a gift of what may remain undisposed of at her death, to another legatee, void.*

Manley Griswold, by his last will and testament, after providing for the payment of all his lawful debts, gave and bequeathed to his wife, Laura Griswold, "all the real estate of which I may die seized or possessed in the village of Forest-ville, with full power to sell and convey the same as she may see fit, and to give a deed of conveyance thereof."

*Held,* that the words of the grant were sufficient to convey a title in fee to the devisee of the lands.

A gift of land by will, with an absolute power to sell and convey the same by the devisee, without any subsequent provision or words to qualify the power to sell, is a gift in fee simple.

The will also contained the following provision: "I also give and bequeath to my said wife the full and absolute use and control of all my personal estate, to be held, used and enjoyed by her as she sees fit, to use in repairs for her separate estate, to pay hired labor as well as to repair our cemetery lot, erecting a family monument thereon, and for any and all purposes she sees fit to use the same for; and I hereby direct that she shall lay out the sum of $150 on the lot in the old cemetery in which my father and mother are buried, in erecting a monument on said lot for my father and mother aforesaid. Whatever property shall be left at the death of my said wife I give and bequeath the same to my nephew, Benjamin Griswold, should he be living at the death of my said wife. If he is not living, then the same to be divided equally among my wife's heirs-at-law."

*Held,* that Mrs. Griswold took an absolute and unqualified title to the real and personal property of the testator after applying so much of the personal property as was necessary to carry out the special provisions of the will relative to the erection of monuments on the cemetery lots.

That this comprehensive language gave the legatee the unqualified power to use and dispose of the same in her lifetime, or to bequeath the same by will; and if she did neither, then the same would, by operation of law, go to her next of kin unless by other words or provisions of the will the legal effect of these words was changed or limited.

Upon the death of the wife a portion of the personal property received by her remained in her possession undisposed of.

*Held,* that the provision of the will giving such remainder to the nephew of the testator was repugnant to the gift of the same property to his widow, and for that reason was inoperative and void.

*Campbell* v. *Beaumont* (91 N. Y., 464) followed; *Terry* v. *Wiggins* (47 id., 512); *Flanagan* v. *Flanagan* (8 Abb. N. C., 413); *Tyson* v. *Blake* (22 N. Y., 558) distinguished.

APPEAL from a judgment, entered upon the report of a referee, in the office of the clerk of Chautauqua county on January 27, 1888, dismissing the plaintiff's complaint.

The rights of all the parties, as disclosed upon the trial, were based upon the will of Manley Griswold, who died on the 14th day of January, 1870. The will bears date the 19th day of November, 1869, and the devising clauses of the will are as follows:

" After all my lawful debts are paid and discharged, I give and bequeath to my wife, Laura Griswold, all the real estate of which I may die seized or possessed, in the village of Forestville, with full power to sell and convey the same as she may see fit, and to give a deed of conveyance thereof."

. " I also give and bequeath to my said wife the full and absolute use and control of all my personal estate, to be held, used and enjoyed by her as she sees fit, to use in repairs for her separate estate, to pay hired help as well as to repair our cemetery lot, erecting a family monument thereon, and for any and all purposes she sees fit to use the same for. And I hereby direct that she shall lay out the sum of one hundred and fifty dollars on the lot in the old cemetery, in which my father and mother are buried, in erecting a monument on said lot for my father and mother aforesaid, and she may expend more if she sees fit. Whatever property shall be left at the death of my said wife, I give and bequeath the same to my

nephew, Benjamin Griswold, should he be living at the death of my said wife ; if he is not living, then the same to be divided equally among my wife's heirs-at-law. Likewise, I make, constitute and appoint my said wife, Laura Griswold, to be the executrix of this, my last will and testament, hereby revoking all former wills made by me."

At the time of his death the testator owned a parcel of land in the village of Forestville, and his personal estate was of the value of about $12,000. His wife survived him and he left no children. Benjamin Griswold, the legatee named in the will, was his nephew and is the plaintiff in this action. He claims that the wife of the testator took a life estate only in so much of the personal property as should remain after devoting so much thereof as was necessary for the uses and purposes specifically mentioned in the will.

The action was commenced in the lifetime of Mrs. Griswold, and she was made defendant, and the complaint charges that she had, in fact, given and conveyed to the other defendants a large portion of the personal property, and threatened, during her lifetime, to sell and dispose of the balance for the purpose of defeating the intention of the testator, which was, as the plaintiff alleges, that the corpus of the personal property, after devoting a portion of the same to the uses mentioned in the will, should be his property and estate. All of the original defendants answered the complaint, and all claim that the widow of the testator took an absolute title to the personal property, and that she had a right to sell and dispose of the same. She admitted in her answer, that at the time of the commencement of the action, she was in the possession of and had control of a large portion of the personal property bequeathed to her. It was also admitted by the other defendants that they had received from Mrs. Griswold a portion of the personal property, but they claimed it was in payment for services rendered to her at her request.

It was admitted that the testatrix had, before the commencement of this action, improved the cemetery lot and erected the monuments as directed in the will. The plaintiff demanded judgment, that a receiver be appointed of the property, and that an injunction issue restraining the defendants from alienating, transferring, or giving away the property ; and that the defendants Rodney B. and

Chester Scott be required to hand over to the receiver so much of the property, and the avails thereof, as they have received. Mrs. Griswold, the widow, died after the commencement of the action, and before the trial, leaving a last will and testament; and the defendant Warner has' been appointed the administrator of her estate, with the will annexed; and upon his own application was substituted as defendant. On the trial the counsel for the plaintiff proposed to prove, as facts, the allegation set forth in the complaint before stated; and, thereupon, the defendants' counsel moved that the complaint be dismissed, claiming that under the will the widow took an absolute title to the real and personal property, and the referee sustained the motion and dismissed the complaint.

*J. G. Record*, for the appellant.

*Holt & Holt*, for Warner and Chester Scott, respondents.

*S. P. Fox*, for R. B. Scott, respondent.

BARKER, P. J.:

We think the defendants' contention is supported by the current of authorities, and clearly so by the decisions of the courts of this State. The construction which has been given in similar provisions in other wills requires us to hold that Mrs. Griswold took an absolute and unqualified title to the real and personal property of the testator after applying so much of the personal property as was necessary to carry out the special provisions of the will relative to the erection of monuments on the cemetery lots. The words of the grant are sufficient to convey a title in fee to the devisee of the lands, as those words would have vested a fee simple in the donee without the aid of the statute, which declares that every grant or devise of real estate, or any interest therein, shall pass all the estate or interest of the grantor or testator, unless the intent to pass a less estate or interest shall appear by express terms or necessary implication. (1 R. S., 748, § 1.) A gift of land by will with an absolute power to sell and convey the same by the devisee without any subsequent provision or words to qualify the power to sell is a gift in fee simple. The case is brought within the rule of the statute making all devises with absolute power of disposal in the devisee gifts in fee. In considering the other question pre-

sented, whether the legatee took more than a life estate in the personal property, we find nothing in the provisions of the will which controls or limits the right of the legatee to use the same as her own absolute property, except the provision which requires her to use so much thereof as might be necessary to carry into effect the provisions for erecting monuments on the cemetery lots.

The other special provisions mentioned in the will, by which the legatee was at liberty to apply the property, were for her own personal benefit in repairing her separate estate, and in paying the wages of persons in her employ. If we eliminate from the clauses of the will relative to the bequests of the personal property the words used by the testator in giving directions for the special uses to which a portion of the personal property was directed to be applied, the language of the gift would read as follows: "I give and bequeath to my wife the full and absolute use and control of all my personal estate, to be held, used and enjoyed by her for any and all purposes which she sees fit to use the same." This comprehensive language vested in the legatee an absolute title and gave her the unqualified power to use and dispose of the same in her lifetime, or to bequeath the same by will, and, if she did neither, then the same would, by operation of law, go to her next of kin, unless, by other words or provisions of the will, the legal effect of these words is changed or limited. The only provision indicating any intention on the part of the testator to endow his wife with less than an absolute estate in his personal property is the gift over to his nephew, which follows the bequest to his wife, and expressed in these words: "Whatever property shall be left at the death of my said wife I give and bequeath the same to my nephew, Benjamin Griswold, should he be living at the death of my said wife."

It is doubtless true, as the plaintiff's counsel has argued, that the unprofessional mind accustomed to giving, written or spoken language, its ordinary meaning and significance, would understand, on reading the entire will, that it was the intention of the testator that if any of the property remained undisposed of at the death of his wife the same was to go to his nephew, the plaintiff. All agree that a provision that would carry into effect such an intention would be lawful, for it is well established that a remainder may be limited upon a bequest of personal property, including a bequest of money. (*Smith*

v. *Van Ostrand*, 64 N. Y., 278.) As has been already stated that by the rule adopted in this State for the construction of wills, it must be held that the testator did not effectually limit the estate of his wife in the personal property to a life estate therein by the gift over to his nephew.

In *Clarke* v. *Leupp* (88 N. Y., 228), the rule was formulated as follows : " That when the words of the will in the first instance clearly indicate a disposition in the testator to give the entire interest, use and benefit absolutely to the donee, it will not be restricted or cut down to any less estate by subsequent and ambiguous words, inferential in their intent." The testator, in making the bequest to his nephew, instead of attempting to limit the power conferred on his wife, to use and dispose of the property as absolute owner, recognized that she had such unqualified right, and, in terms, confines the gift to his nephew to so much of the property as might be left undisposed of at her death. The gift of the remainder of the personal property to the last named legatee is clearly and distinctly expressed and the exact intention of the testator not left in doubt.

The situation of the personal property on the death of the wife of the testator turns out to be as he anticipated it might be on the happening of that event, a portion of the same remaining not disposed of in her lifetime; but the provisions of the will giving such remainder to the nephew of the testator is, as the cases hold, repugnant to the gift of the same property to his widow; and for that reason is inoperative and void. The rule, as collected from the cases decided previous to the case of *Campbell* v. *Beaumont* (91 N. Y., 464), is stated in the opinion in that case; and the judge, after citing several of the leading authorities on the subject, said : " In all these cases it was, in substance, held that when the property is expressly or by necessary implication to be spent by the primary legatee at his pleasure, a further limitation is clearly hostile to the nature and intention of the gift." The provisions of the will are such as to make a case falling within the rule as stated by the court in that case; and as the plaintiff's claim of title is based on a void bequest, the complaint was properly dismissed by the referee. This result is entirely consistent with the cases cited by the learned counsel for the plaintiff. In *Terry* v. *Wiggins* (47 N. Y., 512) it

was held that a gift to the primary devisee in the will then under consideration was for her lifetime only, with a right vested in her to sell and dispose of any part of the property during her life for her use and maintenance; and that she had no absolute right of disposition, and for that reason the power of sale was limited to her lifetime; and so much of the real estate as remained unsold at the time of her death did not descend to her heirs-at-laws, but vested in the ultimate devisee named in the will. In that case the provision of the will under consideration was as follows: " I hereby bequeath to my wife, Hannah Youngs, all real and personal estate and effects that I may die possessed of, for her own personal use and maintenance, with full power to sell or otherwise dispose of the same, in part or in whole, if she should require it or deem it expedient so to do; and after her decease the residue that may be of the personal and real estate" was given to a devisee and legatee named. The real point decided in that case was that the conditional power of disposition given the primary legatee did not operate to enlarge the estate into a fee.

In *Flanagan* v. *Flanagan* (8 Abb. N. C., 413), the gift of real and personal property was as follows, to wit: " 15th. One-third of all the rest and remainder of my estate to my beloved wife Jane, in lieu of dower, to be hers absolutely, and the use of all the remainder during her life, and the portion left of such remainder to be distributed to the poor of St. Peter's Church." And it was held that the gift to the widow gave her the right to dispose of the property devised in any mode she saw fit during her lifetime, but not by will, and, therefore, did not render the gift over repugnant and void, citing the case of *Terry* v. *Wiggins* (*supra*), as authority in support of the construction placed upon the will. The case of *Tyson* v. *Blake* (22 N. Y., 558), does not support the plaintiff's argument in any respect. In that case the testator directed his estate to be converted into money, which he bequeathed generally to his four grandchildren; but in case one of them, whom he named, should die without lawful issue, then her share was to be divided among the survivors, share and share alike, to them, their heirs and assigns. It was held there was no repugnancy between the general bequest to the granddaughter and a provision for its diversion in the event of her death without issue; that, as to her, it was an absolute gift,

to be defeated in the case of the happening of the contingency mentioned, and was, in effect, an executory bequest of personal property, which the law permits. And it was there affirmed by one of the judges that, if there were any words in the will importing that the primary legatee might consume or spend the full sum bequeathed to her, then the attempt to give the same fund to another would be repugnant to the prior disposition. As we have reached the conclusion that the referee properly dismissed the complaint upon the merits, it is unnecessary to consider the objections made by the defendants that the plaintiff attempted to make out a case for relief, which did not exist at the time of the commencement of the action, and is based on facts which occurred after the commencement of the action.

Judgment affirmed, with costs of this appeal to the respondent to be paid out of the estate.

BRADLEY and DWIGHT, JJ., concurred; HAIGHT, J., not sitting.

Judgment affirmed, with costs of this appeal to the respondent to be paid out of the estate.