HENRY S. ROOD AND ANOTHER, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF FOSTER S. WATSON, DECEASED, RESPONDENTS, *v.* JAMES C. WATSON AND OTHERS, APPELLANTS.

*When, notwithstanding the use in a will of the words " to hold in her natural life," a fee will pass to the beneficiary.*

A testator, by his will, provided as follows: "I hereby give and bequeath to my wife, Jane A. Watson, all my estate, real and personal, to have and to hold in her natural life, right to have and to use as she may choose, except that I give and bequeath to our adopted daughter, Julia S. Marble, of the town of East Bloomfield, Ontario county and State of New York, the sum of sixteen hundred

dollars, for her to have and to use her natural life, the same to pass to her children after her decease, provided they live to the age of twenty-one years. If they should die before that age, then, at the death of said Julia, this legacy shall revert to the estate. "

*Held*, that by the use of the words "in her natural life" the estate given to the testator's wife was not limited to an estate for life, and that she took the entire title to the property with power to dispose of the same.

APPEAL by the defendants from a judgment entered August 15, 1888, upon the decision of this court at Special Term in Yates county, giving a construction to the last will and testament of Foster S. Watson, by which Jane A. Watson, the wife of the testator, was declared to be entitled to all of the estate of the deceased, both real and personal, except the sum of $1,600, which had been given to an adopted daughter by the name of Julia S. Marble.

*John T. Knox*, for the appellants.

*Edwin Hicks*, for the respondents.

MACOMBER, J.:

No question arises on this appeal except upon the second item of the will, which is as follows: "2. I hereby give and bequeath to my wife, Jane A. Watson, all my estate, real and personal, to have and to hold in her natural life, right to have and to use as she may choose, except that I give and bequeath to our adopted daughter, Julia S. Marble, of the town of East Bloomfield, Ontario county, and State of New York, the sum of $1,600 for her to have and to use her natural life, the same to pass to her children after her decease, provided they live to the age of twenty-one years; if they should die before that age, then at the death of said Julia this legacy shall revert to the estate." This will was drawn by an unskilled hand. The testator left about ten thousand dollars besides real estate of the value of one or two thousand dollars. There survived him no children or other descendants. The next of kin were collateral relations, being sons and daughters of his deceased brothers and sisters. There is nothing in the attending circumstances to show that the testator had any other objects of bounty save his widow and his adopted daughter, to whom all his estate was given, as is contained in the above provision of his will.

From the terms of the will themselves and from these attending circumstances the intention of the testator must be derived. It will be noted that the will contains no bequest or devise over after the death of his wife, nor any residuary clause. The learned justice at the trial says, in his opinion: " The right to use the property devised as she chooses is not limited, and it gives to Mrs. Watson the power of disposition to any extent she wishes. (*Spencer* v. *Strait*, 38 Hun, 228; *Campbell* v. *Beaumont*, 91 N. Y., 464.) The only question is whether the words " in her natural life" limit the estate which accompanies an absolute power of disposition. A devise or bequest of property indefinitely, with an absolute power of disposition, usually vests in the legatee the full estate in absolute ownership, if the property is personal in its nature, and in fee if it is real estate. (*Van Horne* v. *Campbell*, 100 N. Y., 287–302.) The words quoted above do not literally have any meaning whatever, whether considered in a legal sense or in the ordinary every-day meaning of them. They were probably intended to be used for the phrase " for her natural life." If they are taken to mean the same thing as that phrase, the property is given to Mrs. Watson for life, with the power of disposition. If there were a devise over of the property, or what was left of it, the courts, to carry into effect the whole intention of the testator, would probably hold that while she had the absolute power to use what she chose of the estate, the limitation over would be good as to what remained. But all the cases holding in that way do so to give effect to the limitation over because the intention of the testator requires it. In this case there is no limitation over, and the effect to be given to the bequest to Mrs. Watson is not controlled by the necessity of carrying such limitation into effect. But another rule presents itself here which is, that the testator is always presumed to dispose of his whole estate when he makes a will, and not to intend to die intestate as to any of it. ( *Vernon* v. *Vernon*, 53 N. Y., 351; *Thomas* v. *Snyder*, 43 Hun, 14, 15.) If any weight is given to the words " in her natural life," the necessary result would be that the testator dies intestate as to all his property, except the legacy to his adopted daughter, after the death of his wife. He had no children dependent upon him who might have a right to his bounty, and it is not at all likely that he intended to

leave his property undisposed of, nor does the law so presume. The words used are sufficient to give Mrs. Watson the complete power of disposition, even though there be attached to the words quoted the meaning suggested, and with such complete power of disposition the absolute ownership goes. I do not think the quoted words mean the same thing as the phrase "for her natural life." The word "in" is not synonymous with "for," and there is no reason for making it read "for;" it might as well be changed to "after" or "beyond," or any other word which would make it consistent with the power of disposition. I do not think the court is called upon to struggle with the meaning of these words for the purpose of attaching an unnecessary limitation to this bequest." We only add to the foregoing opinion, which to this extent we adopt, by saying that in the absence of a clearly defined limitation which has not been made to appear by any natural construction of the will, the legatee and devisee takes the entire title to the property, with power to dispose of the same.

The judgment appealed from should be affirmed.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment affirmed, with costs.