# WILLIAM V. OOTHOUT, JOHN OOTHOUT, SARAH SYKES, EMMA OOTHOUT AND FRANCIS LATHAM, APPELLANTS, *v.* MARY ROGERS AND BENJAMIN ROGERS, RESPONDENTS.

*Will — absolute gift in fee, when not cut down to a life estate by a subsequent clause of the will.*

A testator, by his will, gave to his daughter, Sarah, a certain house and lot as therein stated " to her own proper use and behoof forever, also the sum of $1,400, to be paid to her in annual installments of one hundred dollars, and interest on the whole sum unpaid, annually, until the whole of said bequest is paid, commencing one year next after my decease."

By a subsequent clause of his will he provided: " It is hereby understood that the devises and bequests made, respectively, to my daughters, Elizabeth, Sarah and Louisa, are made, and are, for the absolute use, control of each of them during their natural lives, and after the decease of either of them then to their surviving children, respectively, according to law, as the said annual sums, devises and bequests may remain in the hands and under the control of either of my executors, at the free election of either of my said daughters, and upon such terms as either of my daughters may make with such executors "

*Held,* that the house and lot devised to the daughter, Sarah, passed to her in fee, and that her surviving children took no interest therein upon her death under the provisions of the will.

That the words of the will, in the first item thereof above referred to, clearly indicated a disposition on the part of the testator to give the entire interest, use and benefit of this land absolutely to Sarah, and the subsequent provision relating to her surviving children was too ambiguous and uncertain in its terms to cut down to a life estate the estate given to Sarah by the former provision of the will.

APPEAL by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of the county of Schoharie on the 14th day of May, 1890, after a trial at the Schoharie County Circuit, before the court without a jury, at which judgment was directed in favor of the defendants dismissing the plaintiffs' complaint.

The action was brought to recover the possession of a house and lot situated in the county of Schoharie, and the question presented involved the proper construction of certain clauses contained in the will of Samuel Hodgson, which will contained, among other provisions, the following:

"*Third.* I give and devise unto my daughter Elizabeth, wife of John S. Schermerhorn, my house and lot lying in the village of Cobleskill, now occupied by said John and family, to her own proper use and behoof forever; also the sum of fourteen hundred dollars, to be paid to her in annual installments of one hundred dollars, and the interest on the whole sum unpaid, annually, until the whole of said bequest is extinguished, commencing one year after my decease.

"*Fourth.* I give, devise and bequeath unto my daughter Sarah, wife of Andrew D. Oothout, my house and lot lying in the village of Richmondville, now occupied by said Andrew and family, to her own proper use and behoof forever; also the sum of fourteen hundred dollars, to be paid to her in annual installments of one hundred dollars, and interest on the whole sum unpaid, annually, until the whole of said bequest is paid, commencing one year next after my decease.

"*Fifth.* Having heretofore paid and advanced to my daughter Francis, wife of Hiram Mann, at different times, the sum of two thousand one hundred and twelve dollars, I direct that this amount shall be in full of her portion of my estate.

"*Sixth.* I give and bequeath unto my daughter Louisa, wife of Robert Fuller, one thousand three hundred and eighty-five dollars, paid in two annual installments and the interest, commencing one year next after my decease. It is hereby understood that the devises and bequests made, respectively, to my daughters, Elizabeth, Sarah and Louisa, are made, and are, for the absolute use, control of each of them during their natural lives, and after the decease of either of them, then to their surviving children, respectively, according to law, as the said annual sums, devises and bequests, may remain in the hands and under the control of either of my executors, at the free election of either of my said daughters, and upon such terms as either of my daughters may make with such executors."

*L. W. Baxter*, for the appellants.

*W. B. Edwards*, for the respondents.

LEARNED, P. J.:

This is an action of ejectment and was tried before the court. The court decided in favor of the defendants, and the plaintiffs

appeal. The question involved arises solely on the construction to be given to the will of Samuel Hodgson, who died in 1853, seized in fee of the premises, and especially on the construction to be given to the fourth and sixth clauses.

By the third clause the testator gave to his daughter Elizabeth a house " to her own proper use and behoof forever," and, also, $1,400, to be paid in several installments of $100, and interest on the unpaid sum, until the whole of the bequest is extinguished.

By the fourth he gave to his daughter Sarah the house and lot in question " to her own proper use and behoof forever," and, also, a similar bequest of $1,400, payable in the same manner above specified.

By the sixth he gave to his daughter Louisa $1,385, payable in two annual installments and the interest. The clause then continues : " It is hereby understood that the devises and bequests made, respectively, to my daughters Elizabeth, Sarah and Louisa, are made and are for the absolute use, control of each of them during their natural lives, and after the decease of either of them, then to their surviving children according to law, as the said annual sums, devises and bequests may remain in the hands and under the control of either of my executors, at the free election of either of my said daughters, and upon such terms as either of my daughters may make with such executors."

Sarah Oothout, the devisee named in the fourth clause, went into possession of the premises at the death of her father. Subsequently she conveyed the premises, and the defendants are in possession under that conveyance and under subsequent conveyances and wills. She and her grantees have been in possession ever since her father's death. She died in 1879. The plaintiffs are her only children and they commenced this action in 1889. They claim that by the will Sarah Oothout took only a life estate, and that the fee in the remainder went to them on her death. It will be seen that the question is, what effect the sixth clause had upon the fourth clause, which unquestionably gave Sarah a fee.

" It is well settled by a long succession of well-considered cases that, when the words of the will in the first instance clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate absolutely to the donee, it will not be restricted or cut

down to any less estate by subsequent or ambiguous words inferential in their intent." (*Clarke* v. *Leupp*, 88 N. Y., 228 ; see, also, *Campbell* v. *Beaumont*, 91 id., 464.) It is unnecessary to cite other cases. But the principle is better and more concisely expressed in *Lambe* v. *Eames* (L. R., 10 Eq., 267) : " Wherever the will begins with an absolute gift, in order to cut it down, the latter part of the will must show as clear an intention to cut down the absolute gift as the prior part does to make it." Nearly the same language is found in *Byrnes* v. *Stilwell* (103 N. Y., 460).

In the present case we think it is plain to what the testator referred in this sixth clause. To Elizabeth and Sarah he had given, respectively, in fee a lot of land ; to each of them and to Louisa he had given a pecuniary bequest. All these bequests were payable in installments. The testator considered the question to whom these installments should go in case either of the daughters should die before all of the installments should have been paid. Should they be a part of the estate of the deceased daughter, or should they go to her children? To settle this he provided that these unpaid installments should go " to their surviving children, respectively, according to law, as the said annual sums, devises and bequests may remain in the hands and under the control of either of my executors." When he spoke of annual sums, devises and bequests remaining in the hands of executors he had no reference to land, notwithstanding the use of the word " devises." He plainly had reference to the moneys which were in the hands of the executors, and which were to be paid annually by installments. There were no annual devises, accurately speaking. This use of the word " devises " in the middle of the sentence shows what it means in the beginning of the same sentence, where he says : " It is hereby understood that the devises and bequests made respectively to my daughters," etc. The beginning of the sentence is not to be separated from the end. We must look at the sentence as a whole to understand what was the testator's meaning. Of course, it is well known that, in accurate language, the word " devise " applies to land only. It is, however, sometimes inaccurately applied to personal property. (Bouv. Law Dict., *sub voce*.)

Now, it is plain that the third and fourth clauses gave an absolute fee in the respective lots of Elizabeth and Sarah. The question, then, must be, under the rule above cited, whether this sentence in

the sixth clause shows as clear an intention to cut down those estates as the prior part of the will did to make them. It is evident that the subject of this sentence was some property which was not only under the control of the executors, but about which the daughters could make terms with the executors. This is intelligible if it applies to the bequests, but meaningless if it applies to land. And that the whole sentence refers to personal property is more apparent from the circumstance that the testator speaks of the devises and bequests made to Louisa as well as to Elizabeth and Sarah. There was no gift of land to Louisa. When, therefore, he spoke of her devises and bequests, he could have referred only to the bequests of personal property.

We have examined the cases cited by the plaintiffs in support of their construction of the will. It does not seem to us useful to comment upon them. In every case the peculiar language of the will in question is to be construed. And it is seldom, if ever, that the language is the same in two instances.

It seems to us, taking the whole of the sentence in the sixth clause, on which the plaintiffs rely, and construing it in connection with the rest of the will, that the testator did not intend to cut down the absolute devises of land contained in the third and fourth clauses. As to the misuse of the word " devises " in this sentence, we can only, in the language of the Court of Appeals, " ascribe to the conveyancer inexactitude of expression."

The judgment should be affirmed, with costs.

LANDON and MAYHAM, JJ., concurred.

Judgment affirmed, with costs.