(11 Misc. Rep. 310.)

BANZER v. BANZER et al.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

WILLS—LIMITATION OVER ON ABSOLUTE DEVISE.

Testator gave all his property to his wife, with "undisputed right to do and dispose according to her own judgment," and provided that after her death his children should divide the same among them equally. *Held*, that the provision in favor of testator's children was void as a limitation over on a devise of the entire and absolute estate. 30 N. Y. Supp. 803, affirmed.

Appeal from equity term.

Action by Ellen Banzer against Adam Banzer and others for partition. The complaint was dismissed on the merits (30 N. Y. Supp. 803), and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

James Kearney, for appellant.

Edward W. S. Johnston, for respondents.

BISCHOFF, J. This is an action for partition. The property in question was held originally by Michael Banzer and John Maier, as tenants in common, each an undivided moiety. John Maier subsequently conveyed his interest to Suzanna Banzer, the wife of his cotenant. Michael Banzer thereafter died, leaving a last will and testament, whereby he disposed of his property as follows:

"After all my debts are paid and discharged I give and bequeath to my beloved wife Suzanna Banzer all my real and personal estate now at present and hereafter in my possession. My real estate consisting at present of part of a house known by the number 220 West 32nd Street, 20th Ward, so as described in the deed of said house. And my personal estate, and whatever belonging to me at my dead; whatever and wheresoever of wat nature, kind and quality soever may be. That she shall have undisputed right, to do and dispose of according to her own judgment, that after her Dead, my beloved children or their executor, administrator shall divite the same chair and chair alike."

Suzanna Banzer died intestate, leaving her surviving the defendants Adam and John Banzer, Annie Hauf, and Elizabeth Howell, her heirs at law. Plaintiff is the widow of Christopher Banzer, a deceased son of Michael and Suzanna Banzer. Said Christopher died before Suzanna Banzer, leaving him surviving plaintiff and an infant son, Christopher Banzer, Jr., which son also died before Suzanna Banzer; and it is as heir at law of this infant that plaintiff claims an interest in the real property in question.

The construction of the will above set forth contended for by plaintiff is that a life estate in Suzanna Banzer was created of the moiety of the realty specified which was owned by the testator, with remainder over to his heirs, and that, therefore, the plaintiff should succeed to the interest of Christopher Banzer, Jr., as his heir at law. For the defendants it is claimed that the conveyance from Maier to Suzanna Banzer had the effect of creating a tenancy by entireties in Michael Banzer and his wife, and that, therefore, any limitations in the will of Michael would not affect the absolute ownership of Suzanna after his death. It is also contended that the limiting provisions in the will applied only to the testator's personalty. Whatever field for discussion may be presented by these questions is not of importance, for, assuming them to be determinable as contended for by plaintiff, we are content to uphold the determination of the learned trial judge upon the ground that the plaintiff's deceased son possessed no interest in the property at the time of his death by virtue of the provisions of the will. At the trial it was held that the complaint should be dismissed, the limitation over to the heirs of the testator being adjudged void, as de-

pending upon the nonexecution of an absolute disposing power vested by the will creating the limitation (Van Horne v. Campbell, 100 N. Y. 294, 3 N. E. 316, 771), and the plaintiff's claim necessarily failing with the limitation. We agree with the views expressed, as to the construction to be placed upon the will, by the learned judge below, that the wife was given at least an absolute disposing power over the property; but, even so, the limitation, as clearly to be viewed as attempting to create an expectant estate, is not necessarily to be adjudged void for that reason, assuming the first provision to intend a power of disposal merely, and not an actual devise in fee. The case of Van Horne v. Campbell, was an adjudication upon a will which took effect prior to the Revised Statutes, and the decision proceeded upon the principles of the common law. 100 N. Y. 310, 3 N. E. 316, 771. It has since been held that by the provisions of the Revised Statutes (3 Rev. St. [7th Ed.] p. 2178, §§ 32, 33), the effect of which was expressly left undecided in Van Horne v. Campbell, a remainder such as that considered is not void in its creation by reason of the power of disposition vested in the first taker. Greyston v. Clark, 41 Hun, 130. But this, nevertheless, cannot affect the present question. In the instrument under consideration there is no trace of a provision that the property held by virtue of the will, and remaining undisposed of at the death of the first taker, should vest in the heirs of the testator, as there was in the case of Greyston v. Clark; and by the terms of the prior provision, with regard to the property in suit, it was clearly intended to effect an absolute devise to the wife, Suzanna Banzer. Whatever force as authority may be attributable to the somewhat broad expressions of opinion in the case of Greyston v. Clark, in view of the repeated enunciation by the courts of the rule that an absolute devise is not to be cut down by subsequent words of limitation (Campbell v. Beaumont, 91 N. Y. 464, 468; Crain v. Wright, 114 N. Y. 309, 21 N. E. 401; Griswold v. Warner, 51 Hun, 17, 3 N. Y. Supp. 688; Oothout v. Rogers, 59 Hun, 100, 13 N. Y. Supp. 120; Roseboom v. Roseboom, 81 N. Y. 356, 15 Hun, 309; Buckland v. Gallup, 22 N. Y. Wkly. Dig. 23; Jackson v. Robins, 16 Johns. 538; Helmer v. Shoemaker, 22 Wend. 137), the adjudication is, nevertheless, inapplicable to the present case, for here we have every element of a limitation repugnant to a devise in fee, with none of the peculiar characteristics which the courts have sometimes found to bring a case without the rule declaring the subsequent limitation void. The force of the long line of adjudications upon the subject dealing with wills in effect under the Revised Statutes concludes discussion as to the present existence of the rule noted, while there may well be a distinction in the case of a will wherein the intention to create a fee is not clearly expressed, with the result that a life estate with power of disposition alone is created, and the rule in Greyston v. Clark be of authoritative effect. The conclusion is that plaintiff's deceased husband and son took no interest under the will, and that the estate vested in Suzanna Banzer, and descended to her heirs, of whom the plaintiff is not one. Judgment affirmed, with costs. All concur.