WILLIAM ZORNTLEIN, Respondent, *v.* GEORGE ADAM BRAM et al., Appellants.

The common-law rule that where land is deeded to husband and wife, they each become seized of the entirety, and on the death of either the whole

survives to the other, was not abrogated by the acts in relation to married women.

*It seems,* also, that said rule was not done away with by the act of 1880 (Chap. 472, Laws of 1880), allowing the husband and wife to make division between themselves of land so held.

At all events said act does not affect the right of survivorship where the conveyance was prior to its passage.

Said act, therefore, cannot so operate as to authorize either the husband or wife, who acquired title under such a conveyance, prior to the passage of said act, separately to convey to a third person, and such a deed conveys no title.

*Zorntlein* v. *Bram* (17 J. & S., 476), reversed.

(Argued June 1, 1885 ; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 30, 1882, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term. (Mem. of decision below, 17 J. & S. 476.)

This was an action for partition.

In 1878 the property in question was conveyed to Jacob Bram and Babeta Bram, his wife. On September 23, 1881, said Babeta Bram executed a deed purporting to convey an undivided one-half of the premises to plaintiff. On September 30, 1881, said Jacob and Babeta Bram joined in a deed of the premises to defendant, George A. Bram.

*David Gerber* for appellants. As the deed conveyed the property to Jacob Bram and his wife jointly, they became tenants by the entirety, and not tenants in common ; and during the life-time of her husband, Mrs. Bram could not convey to the plaintiff any title to the property. (*Bertles* v. *Nunan*, 92 N. Y. 152.) The defendant claiming under a deed transferring the property to him in fee, and holding adversely to the plaintiff, an action of partition will not lie. (*Florence* v. *Hopkins*, 46 N. Y. 182 ; *Sullivan* v. *Sullivan*, 66 id. 37 ; *Clapp* v. *Bromaghan*, 5 Cow. 530 ; *Van Schuyler* v. *Mulford*, 59 N. Y. 420 ; *Martin* v. *Martin*, 15 Weekly Dig. 233.) The judgment is final and appealable to this court. (*Halsted* v. *Halsted*,

55 N. Y. 442; *Morris* v. *Morange*, 38 id. 172; *Howell* v. *Mills*, 56 id. 226 ; *Austin* v. *Ahearn*, 61 id. 6 ; *Sullivan* v. *Sullivan*, 66 id. 37.)

*H. M. Gesheidt* for respondent. The conveyance of Bertha Metzger to Jacob Bram and wife was as tenants in common. (1 R. S., part 2, title 2, art. 2, § 44; R. S. [Banks 6th ed.] 1104, § 442; 3 id. 160; *Sims* v. *Pickets*, 9 Am. Rep. 679; 31 Ind. 181; *Koufman* v. *Whiting*, 50 Miss. 103; *Rowland* v. *Palmer*, 50 Ala. 182; *Monroe* v. *May*, 9 Kans. 466; *Cushman* v. *Henry*, 7 N. Y. Weekly Dig. 15; *Meeker* v. *Wright*, 76 N. Y. 262.) The wife held the property with her husband, as her separate estate, and she could have brought an action against him to partition the same, or either party could sell their interest. (Laws of 1848, chap. 200; Laws of 1849, chap. 375; Laws of 1860, chap. 90; Laws of 1862, chap. 172; Laws of 1880, chap. 472; *Meeker* v. *Wright*, 76 N. Y. 267; 23 id. 53); and she can hold property with him. (76 N. Y. 270.) The defendant cannot attack plaintiff's title, as he, the defendant, was a subsequent purchaser, and defendant had due notice thereof· (3 R. S. [5th ed.] 58, par. 65 ; *Shut* v. *Large*, 6 Barb. 373.) The defendant took his title subject to all the equities of the previous grantors the same as an assignee of a mortgage. (*Murray* v. *Livingston*, 2 Johns. Ch. 441; *James* v. *Mowrey*, 2 Cow. 246; *Evans* v. *Ellis*, 5 Den. 640; *Ellis* v. *Messerole*, 11 Paige, 467.) The common-law principle cannot be applied in this case, as there are statutes against the same, and the former must give way. (*Power* v. *Lester*, 23 N. Y. 529; 76 id. 267; 45 id. 230; 53 id. 93; 37 id. 35; 85 id. 421; 47 id. 577; 75 id. 103; Laws of 1848, 1849, 1860, 1862 and 1880, chap. 472; 17 How. 416.) All the cases to the contrary, that Jacob Bram and Babeta Bram were not tenants in common were either decided before the act of 1860, chapter 90, or were grants before the various acts to protect the rights of married women. (*Goelet* v. *Gori*, 31 Barb. 341 ; 14 N. Y. 433; 20 id. 320; 15 Wend. 175; 1 Sandf. Ch. 214; Hoffm. Ch. 71; 5 Johns. Ch. 431; 9 Abb. [N. S.] 444; 16 Johns. 110; 8 Cow. 277.)

Rapallo, J. This case is controlled by the decision in *Bertles* v. *Nunan* (92 N. Y. 152). The common-law rule, that when land is conveyed to husband and wife they do not take as tenants in common, or as joint tenants, but each becomes seized of the entirety, *per tout* and not *per my*, and that on the death of either the whole survives to the other, was held in that case to be still subsisting in this State, notwithstanding the acts in relation to married women. The act of 1880 (Chap. 472), which allows husband and wife to make division between themselves of lands thus held, was before us in that case, but was not regarded as abrogating the former rule. At all events it could not affect the title in question in this action as the conveyance to Jacob Bram and his wife was made in 1878. The seizin of the entirety by each, and the right of survivorship, could not be divested by a subsequent statute, as those rights vested by virtue of the grant and not of mere succession. The act of 1880 could not, therefore, so operate as to authorize either the husband or wife separately to convey to a third party. The deed executed by Mrs. Bram to the plaintiff conveyed no title and he could not maintain an action for partition.

The exceptions to the conclusions of the referee to the contrary are well taken and require a reversal of the judgment.

It is unnecessary to discuss the extraneous questions raised in the respondent's points as to the circumstances attending the purchase of the property.

Judgment reversed and new trial ordered, costs to abide the event.

All concur.

Judgment reversed.