(36 Misc. Rep. 469.)

### CAREY et al. v. GRIFFIN et al.

(Supreme Court, Special Term, New York County. December, 1901.)

RESULTING TRUST—TITLE OF TRUSTEE.

 Where a wife purchases property, and her husband takes the title in his own name, without her consent, on her death he does not take as survivor of a tenancy by the entirety, but as a wrongdoer, and, as against her devisee, owns a mere naked title without interest.

Action by James J. Carey and others, executors of Mark Griffin, against John Griffin and others, to determine their accounts as executors, and for instructions. Decree rendered.

Emmet & Robinson, for plaintiffs.
Geo. H. Kracht, guardian ad litem, for infant defendants.
Paul C. Switzer, for defendant Flaherty.
Henry X. Coughlin, for defendant Blake.
Edward Jacobs and John J. Adams, for defendant Johnston.

McADAM, J. It conclusively appears that the property No. 73 Washington street, which is now represented in the assets and effects in the hands of the plaintiffs, as executors of Mark Griffin, was purchased by Mary Ann Griffin out of her separate funds, and such assets and effects are therefore claimed to belong to her estate. Mrs. Griffin evidently intended that the deed be made out in her name as grantee; but by the order of Mr. Griffin, her husband, his name was also included, by reason of which it was made to appear on the face of the instrument that Mary Ann and Mark Griffin owned the property as tenants by the entirety, the surviving grantee to take the entire estate on the death of the co-tenant, discharged of the latter's debts. Zorntlein v. Bram, 100 N. Y. 12, 2 N. E. 388; Bertles v. Nunan, 92 N. Y. 152, 44 Am. Rep. 361; Miner v. Brown, 133 N. Y. 308, 31 N. E. 24; In re Albrecht, 136 N. Y. 91, 32 N. E. 632, 18 L. R. A. 329, 32 Am. St. Rep. 700. Mrs. Griffin, the wife, having died first, the plaintiffs, executors of the surviving husband, assumed that the entire estate belonged to Mr. Griffin, and as such executors they exercised the power of sale contained in his will, and converted the property into cash. A will made by Mrs. Griffin subsequently came to light, and was duly admitted to probate, by the terms of which the testatrix devised and bequeathed her entire property to the defendant Mary Ann Johnston, formerly Mary Ann O'Grady; so that, if Mr. Griffin acquired no title to said property, the entire ownership devolved upon the devisee and legatee of Mrs. Griffin. It also conclusively appears that Mark Griffin, the husband, was a coal passer, working as employment offered itself; that he was wholly without means, unable to contribute one dollar to the purchase of the real property in question, and as matter of fact contributed nothing whatever thereto. The insertion of the name of Mark Griffin as one of the grantees of the deed, if made without the consent of Mrs. Griffin, an illiterate woman, who advanced the entire consideration money, clearly operated as a fraud upon her, and conferred upon Mark Griffin, the

wrongdoer, nothing more than a mere naked title without interest,. as against the true beneficial, actual, and legal ownership by Mrs. Griffin. Siemon v. Schurck, 29 N. Y. 598; Foote v. Bryant, 47 N. Y. 544; Reitz v. Reitz, 80 N. Y. 538; McCahill v. McCahill, 11 Misc. Rep. 258, 32 N. Y. Supp. 836. The difficulty in the case is that the evidence that Mr. Griffin's name was wrongfully inserted in the deed is not sufficiently proven to overturn a record title apparently regular on its face. To produce that result the evidence should be clear, convincing, and without doubt. For this reason the claim oi Mrs. Johnston to the realty will be disallowed. Mrs. Johnston is entitled, however, under the will of Mary Ann Griffin, to a legacy of $701.10, being the amount of the personal estate of said Mary Ann Griffin coming into the hands of Mark Griffin, as her administrator, less his commissions. She is also entitled to the sum of $434.66 interest from July 28, 1891 (one year after the grant of letters), on her legacy, as well as to the share coming to her under the will of Mark Griffin. The statute of limitations as to the legacy and interest does not apply, because Mark Griffin never accounted as administrator, and never distributed the estate, and the will of Mary Ann Griffin was not discovered until December, 1900.

The plaintiffs ask the aid of the court in determining the various questions involved, and that their accounts be examined and passed, and that they receive such instructions from the court, with reference to the distribution of the estate, as the court deems necessary, etc. The court holds that the plaintiffs must, to the extent of the sums aforesaid, amounting to $1,135.76, account for the moneys in their hands to Mrs. Johnston, as legatee of Mary Ann Griffin, and also to the extent of the devise or legacy coming to her under the will of Mark Griffin, and that the balance of said estate be distributed according to the provisions of said will. The accounts of the plaintiffs are approved. A decree may be taken in accordance with these views.

Judgment accordingly.