(71 Misc. Rep. 51.)

LERBS v. LERBS.

(Kings County Court. February, 1911.)

1. HUSBAND AND WIFE (§ 14*)—CONVEYANCES—CONSTRUCTION—ESTATE BY ENTIRETY.

Where lands are conveyed to a husband and wife, without any words signifying an intention that they should take otherwise than as tenants by the entirety, they are vested with such an estate.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 73; Dec. Dig. § 14.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. HUSBAND AND WIFE (§ 14*)—CONVEYANCES—CONSTRUCTION—ESTATE BY ENTIRETY.

Where lands are conveyed to a husband and wife, without words signifying an intent that they should take otherwise than as tenants by the entirety, the repetition of the words "heirs and assigns" in the habendum clause does not import a different intention.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 14.*]

3. PARTITION (§ 32*)—HUSBAND AND WIFE—RIGHTS.

Laws 1909, c. 19 (Consol. Laws 1909, c. 14) § 56, providing that husband and wife may convey to each other and make partition, does not permit partition between husband and wife against the will of either.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 32.*]

Action by Harry J. Lerbs against Emma Mary Lerbs. Demurrer to complaint sustained.

Max H. Newman, for plaintiff.
Wahle & Kringel, for defendant.

DIKE, J. An action for partition of certain real property in Kings county has been instituted by Harry J. Lerbs against Emma Mary Lerbs, his wife. The defendant has interposed a demurrer to the complaint upon the ground that the amended complaint does not state facts sufficient to constitute a cause of action.

The deed whereby the parties hereto became seised of the property in question was made on July 1, 1892. The parties were "Ellen Connelly, of the city of Brooklyn, county of Kings, and state of New York, party of the first part, and Henry J. Lerbs, of the city of Brooklyn, county of Kings, and state of New York, and Emma Mary Lerbs, his wife, parties of the second part." The complaint sets forth that the plaintiff and defendant are still husband and wife, and own and are possessed of the realty pursuant to this deed.

The defendant urges that, at the time of taking possession of the property in question, the fee thereto became vested in the parties hereto as tenants by the entirety, and that, their marital relations not having been dissolved, they are tenants by the entirety. The plaintiff holds that the parties hereto, husband and wife, are tenants in common of the property described in the complaint, and that, therefore, partition is proper; and, secondly, in any event, if the parties do hold as tenants by the entirety, partition will lie nevertheless, under Laws 1909, c. 19 (Consol. Laws 1909, c. 14) § 56. It becomes, therefore, necessary to determine whether, under the facts of this case, the common-law rule as to tenants by the entirety should apply, or, if not, then, secondly, whether in any event the Laws of 1909, supra, will permit of the present action.

[1] So far back as 1836 the case of Torrey v. Torrey, 14 N. Y. 430, held that where a man conveyed to husband and wife they do not hold as joint tenants or tenants in common, for, considered as one person in law, they cannot take by moieties, but each is seised of the entirety, and neither of them can dispose of any part without the assent of the other, and the whole goes to the survivor. The case of Wright v. Saddler, 20 N. Y. 320, reaffirmed this law, clearly discriminating in the case of husband and wife:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"They are regarded in law as one person, and not as tenants in common or joint tenants, and when one of them dies the whole estate created by such a conveyance remains in the survivor."

The effect of the married woman's acts upon the estate by the entirety was before the Court of Appeals in 1863 in the case of Bertles v. Nunan, 92 N. Y. 152, 44 Am. Rep. 361, and this case, which may be regarded as the foundation case, sets forth the law of this state at that time regarding estates by the entirety, which has been sedulously followed by the courts of this state to this day and remains undisturbed, except as the facts in certain cases will permit of a modification of the law there set forth. And it is to be noted that the phraseology in the habendum clause was the same as in the case at bar.

Chapter 472 of the Laws of 1880, which allows husband and wife to make partition between themselves of land held by the entirety, was before the court in the case of Zorntlein v. Bram, 100 N. Y. 12, 2 N. E. 388. Judge Rapallo reaffirms the rule of Bertles v. Nunan:

"The common-law rule that, when land is conveyed to husband and wife, they do not take as tenants in common, or as joint tenants, but each becomes seised of the entirety, per tout, and not per my, and that, on the death of either, the whole survives to the other, was held in that case (Bertles v. Nunan) to be still subsisting in this state, notwithstanding the acts in relation to married women."

Chapter 537 of the Laws of 1887 permitted a transfer or conveyance of real estate between husband and wife without the intervention of a third party, and yet the Court of Appeals held in 1891, in the case of Stelz v. Shreck, 128 N. Y. 263, 28 N. E. 510, 13 L. R. A. 325, 26 Am. St. Rep. 475, that where land is conveyed to husband and wife, without any express restriction as to the character of their holding, they take as tenants by the entirety, reaffirming the rule laid down in Bertles v. Nunan and Zorntlein v. Bram, supra. The case of Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762, declared that:

"The acts relating to the rights of married women have not abrogated the common-law doctrine of tenancy by the entirety."

The plaintiff relies upon the case of Saxon v. Saxon, 46 Misc. Rep. 202, 93 N. Y. Supp. 191, as the authority which justifies an action of partition of this property by Lerbs; but I cannot believe that Mr. Justice Gaynor intended by the decision in Saxon v. Saxon, supra, to lay down any rule abrogating the well-settled law of this state as set forth in Bertles v. Nunan, supra, and the many cases decided since then. The facts in the Saxon Case were peculiar. John F. Saxon owned some real estate, which he conveyed, after enactment of section 56 of the domestic relations law, to himself and his wife, the defendant in that action, Mary V. Saxon. Thereafter he sought partition. Mr. Justice Gaynor held that, since the enactment of the above section that husband and wife may convey or transfer real or personal property from one to the other without the intervention of a third person, such act dissolved their common-law unity with respect to such a conveyance; and he held that Saxon

was free to convey to his wife any estate he saw fit in his lands. And I take it that the argument of the learned justice was that it did not necessarily follow that, because a husband conveyed property to himself and his wife, it was intended to create an estate by the entirety, because this very section that I have alluded to destroyed that entirety. And in the Saxon Case the deed by Saxon was to "John F. Saxon and Mary V. Saxon, his wife, for their joint lives." The learned justice construes the peculiar phraseology employed in the habendum clause of the Saxon deed "for their joint lives," etc., and concludes that the words do not create an estate by the entirety but only a joint tenancy. In the Saxon Case it would clearly seem as though the husband and wife could only be held to hold as joint tenants, and not as tenants in common.

The case of Wurz v. Wurz, 15 N. Y. Supp. 720, cited by plaintiff, also does not aid him, as the facts in that case clearly show that an action of partition may be maintained between husband and wife as joint tenants, where the deed under which they hold was made subsequently to the enactment of the Laws of 1880 and *expressly conveys land to them as joint tenants.*

In the case of Jooss v. Fey, 129 N. Y. 17, 29 N. E. 136, the Court of Appeals held that the description of the two people in that case as joint tenants in the deed created a joint tenancy because that was the language of the deed. To my mind this seems to eliminate in the Saxon Case the rules governing estates by the entirety, and is not an authority supporting plaintiff's action.

Again, in Cloos v. Cloos, 55 Hun, 450, 8 N. Y. Supp. 660, relied upon by plaintiff, the deed conveyed to husband and wife as "joint tenants, not as tenants in common," while the habendum clause is to "their heirs and assigns forever." And it was there held that the words "joint tenants" were inconsistent with an estate by the entirety, and created a joint tenancy. The similarity of those words to the words used in the deed in the Saxon Case clearly eliminate this case from the rigid rule laid down in Bertles v. Nunan.

[2] Nor do I feel that the repetition of the words of succession in the habendum clause, as is urged by the attorney for the plaintiff, changes the situation in any way. Under the well-recognized rules governing the construction of deeds, the words "heirs and assigns" could not change the clear intention expressed conveying to husband and wife.

[3] But the plaintiff relies upon Laws of 1909, c. 19, section 56— "husband and wife may convey to each other and make partition," etc. This act, like all the legislation in favor of married women, contains clearly provisions favorable to the wife, to her freedom in the control of property and her emancipation from the rigid and stringent rules of the common law. It seems to me they never were intended to place her in a position in respect to her property rights where she could be coerced. The word "may," as used in the statute, is permissive in character, implying a mutuality of action, but was never intended to place her in a position where, against her will, she may be forced to lose whatever advantages she possessed by holding real

property under the rule. Such a construction would be repugnant to the uniform spirit of benefit to the married woman in her property rights observable in all these statutes. And I therefore conclude that this law cannot aid the plaintiff in the prosecution of this action for partition.

For these reasons, I am constrained to sustain the demurrer, with costs.

Demurrer sustained, with costs.