BESSIE A. ARMONDI, Plaintiff, v. WARREN L. DUNHAM and Another, Defendants.

Supreme Court, Delaware County, February, 1927.

**Husband and wife — deed to husband and wife, in which words " his wife " are omitted, creates tenancy by entirety.**

A deed to a husband and wife, in which the words " his wife " are omitted, creates a tenancy by the entirety and upon the death of either the survivor takes the whole estate.

ACTION to partition the premises described in the complaint, the plaintiff claiming that she is the owner of an undivided half interest as grantee from the heirs of Edith N. Livingston.

*R. W. France* [*H. C. Stratton* of counsel], for the plaintiff.

*Charles C. Flaesch,* for the defendants.

ABRAHAM L. KELLOGG, J.   There is no dispute about the facts. On April 10, 1900, William O. Nash and wife deeded to Fred N. Livingston and Edith N. Livingston the premises described in the complaint.

The grantees at the time were husband and wife but there is nothing on the face of the deed to indicate that they took the conveyance as such.   The deed is silent as to how their title was to be held.

Edith N. Livingston, one of the grantees, died intestate on September 26, 1903, leaving as her only surviving next of kin her father, A. C. Johnson, and mother, Anna Johnson.   The father died intestate in the year 1912 and the mother in October of the same year.

The children and widow of A. C. Johnson conveyed to the plaintiff by deed dated April 3, 1925, and recorded on April 6, 1925.

It is conceded that the grantors mentioned in the deed to the plaintiff were the heirs of A. C. Johnson and Anna Johnson.

The question in this case is as to whether or not the deed to the Livingstons created a tenancy by the entirety or whether the grantees took as tenants in common.

The contention of the defendants is that Livingston and his wife took as tenants by the entirety.   The plaintiff claims they took as tenants in common on the ground that there is nothing on the face of the deed or any writing to show that they intended to take by the entirety.

It must be conceded that at common law a conveyance to husband and wife, even though that relation did not appear upon

56

the face of the deed, as a matter of fact created a tenancy by the entirety.

The plaintiff claims that the common law in this respect has been changed by the statute.

Section 66 of the Real Property Law, which was originally a part of the Revised Statutes, has, for a long time, provided as follows: " Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy; but every estate, vested in executors or trustees as such, shall be held by them in joint tenancy. This section shall apply as well to estates already created or vested as to estates hereafter granted or devised."

Where, however, the conveyance is to husband and wife, section 66 of the Real Property Law clearly does not apply. (McKinney's Consolidated Laws, book 49, page 96, and cases cited at pages 98, 99; *Matter of McKelway*, 221 N. Y. 15; *Overheiser* v. *Lackey*, 207 id. 229, 232, 233.)

In the *Overheiser* case (at pp. 232, 233) the court said: " The political policy has been to encourage the distribution of land among the people, to advance which all conveyances to more than one person except to husband and wife have been construed to be tenants in common unless another estate is fixed by express and definite words of limitation."

The Married Woman's Act did not affect tenancy by the entirety. (*Bertles* v. *Nunan*, 92 N. Y. 152.)

The learned counsel for the plaintiff cites the case of *Meeker* v. *Wright* (76 N. Y. 262) as the only case in the Court of Appeals directly in point and claims that it has never been reversed.

The case arose in Chenango county and the conveyance was made by Clarissa Smith to Samuel and Cordelia Daily. The plaintiff here contends that the trial court found that the instrument itself contained no statement as to the manner in which the grantees should hold the lands described in it and upon that state of facts held that the grantees held as tenants in common. The opinion in that case, however, will bear most careful examination in order to ascertain what it really holds.

*Zorntlein* v. *Bram* (100 N. Y. 12) was a case where the conveyance was to Jacob Bram and Babeta Bram, and RAPALLO, J., writing for that court said: " This case is controlled by the decision in *Bertles* v. *Nunan* (92 N. Y. 152). The common-law rule, that when land is conveyed to husband and wife they do not take as tenants in common, or as joint tenants, but each becomes seized of the entirety, *per tout* and not *per my*, and that on the death of either the whole survives to the other."

On the trial of this action counsel for plaintiff stated: " If two words had been put in this deed (his wife) we would not be here at all." The counsel for the respective parties are in dispute as to whether or not the words " his wife " were mentioned in the conveyance in the *Zorntlein* case. That case is reported in 49 Superior Court, 476 (17 J. & S.), where it would appear that the words " his wife " were mentioned.

However, it appears to the contrary in 63 Howard's Practice, 240. The trial justice, who should by all means know, wrote: " I have found that in the year 1878 the premises were conveyed to Jacob Bram and Babeta Bram; that at the time of the making of said conveyance Babeta Bram was the wife of Jacob Bram, although that fact was not mentioned in the conveyance."

This reasoning has been followed by courts in other jurisdictions. (*Chandler* v. *Cheney*, 37 Ind. 391; *Hulett* v. *Inlow*, 57 id. 412; *Dowling* v. *Salliotte*, 83 Mich. 131.)

A careful analysis of the opinion of the court in *Meeker* v. *Wright* (76 N. Y. 262) reveals the fact that it is doubtful as to whether or not a majority of the judges in that case held that a tenancy by the entirety had ceased to exist.

As disclosed by the facts in *Meeker* v. *Wright* (*supra*) after the conveyance had been made by Clarissa Smith to Samuel Daily and Cordelia Daily, Samuel Daily executed and delivered to Cordelia Daily a deed purporting to convey to her the same premises together with another parcel of ten acres. The deed to the Dailys, as appears from the instrument itself, contained no statement as to the manner in which the grantees should hold the lands described in it.

Whatever the facts were and the decision of the court was in that case, the Court of Appeals four years later held that where real estate has been conveyed to husband and wife since the Married Woman's Act, they take as tenants by the entirety. (The opinion of that court being by EARL, J.; *Bertles* v. *Nunan*, 92 N. Y. 152; *Jooss* v. *Fey*, 129 id. 17, 20, 21. See, also, 27 Alb. L. J. 162, 199, 323.) The last word of the Court of Appeals on this subject is to be found in *Matter of Lyon* (233 N. Y. 208), where (at p. 211) Judge ANDREWS said with respect to conveyances to husband and wife: " Whatever the original reasoning upon which this estate was based, the rules with regard to it had long become a part of the law of real property consistently enforced in New York. (*Matter of Klatzl*, 216 N. Y. 83.) Husband and wife were not joint tenants. One did not acquire the rights and property of the other by survivorship. The fee was indivisible. As an entirety it was vested in both. For this purpose they were con-

sidered one and not two. On the death of either the fee vested in the other, not because there was a transfer of any part of the estate, but because the survivor was the representative of the single ownership. The rule was a technical one. So are many of the rules affecting real estate. We appeal to history and not to logic for the explanation."

A careful reading of the decision in *Matter of Klatzl* is necessary and then the eager student will be left in doubt as to just what Chief Judge WILLARD BARTLETT really held on the point in that case as applicable, if at all, to the case under discussion. It is not in all respects similar to the proposition that we have here. In that case it appears that John C. Klatzl deeded real estate to John C. Klatzl and Mary Emma Klatzl, his wife, as tenants by the entirety. Judges SEABURY, CUDDEBACK and HOGAN held that under this deed there was only a tenancy in common. Judges HISCOCK, CARDOZO and COLLIN held that a tenancy by the entirety was created. Chief Judge WILLARD BARTLETT in a separate opinion concurred in the result apparently only, that under the Tax Law one-half of the estate was taxable.

Under the rule laid down by the common law of England by a conveyance to husband and wife they took not as tenants in common or as joint tenants, but as tenants by the entirety and upon the death of either, the survivor takes the whole estate.

That rule was early adopted by the courts of this State.

I am of the opinion that in a conveyance to husband and wife the words " his wife " if omitted, are immaterial and that the conveyance from William O. Nash and wife to Fred N. Livingston and Edith N. Livingston created a tenancy by the entirety and it follows, therefore, that the complaint should be dismissed upon both the law and facts, with costs.

Findings and judgment in accordance with the foregoing.