INDIANA TRUST COMPANY, ET AL V. SHERER.

[No. 14,222. Filed April 7, 1932. Rehearing denied July 27, 1932.
Transfer denied December 7, 1932. Petition to reconsider
dismissed February 22, 1933.]

*Richard L. Ewbank* and *Martin B. Hall,* for appellants.

*Johnson & Zechiel,* for appellee.

KIME, J.—Appellant is the guardian of the incompetent son of the appellee's husband by a former marriage. Appellee and her husband entered into a contract concerning real estate which provided that the vendor would convey to the parties of the second part (Joseph M. Sherer and Emma M. Sherer, husband and wife) a fee simple title to the realty here in question, "As purchase price . . ., said second parties covenant and agree to pay to first parties, the sum of Eleven Thousand Seven Hundred Fifty Dollars, without any relief whatever from valuation or appraisement laws . . . and attorney's fees . . . until the remainder of the purchase price has been paid in full . . . such purchase price shall bear interest . . . and the balance of such monthly payments shall then be credited on the principal still due. That second parties will assume and pay assessments for improvements . . . 1926 taxes payable in 1927, all subsequent taxes and all assessments for municipal improvements completed after date." It also fixed liquidated damages for breach if the purchasers should fail to keep their contract.

There was $2,500.00 paid down by the purchasers, as the contract recites, in September, 1925. Appellee and husband took possession and made monthly payments until January, 1929, when the husband, without the knowledge of appellee, caused to be made and delivered a deed to himself alone. In February, 1929, the husband died intestate. The appellee had no knowledge of this action on the part of her husband until after his death. Upon discovery she filed a suit to quiet title alleging that appellant is claiming some adverse interest. She further alleged equitable ownership and set out facts showing that she was the equitable owner, and that during all the time the property was occupied by them they both treated it as their joint property and both exercised dominion over it. A general denial closed the issues. Trial was had

with special findings and conclusions thereon. A judgment quieting title in appellee was rendered.

The errors assigned are error in each of the four conclusions of law and the overruling of the motion for a new trial. The motion for a new trial only properly assigns that the decision of the court is contrary to law. There is an attempt to set forth another ground in the motion for a new trial but it is not in the language set out in the statute and will not be considered.

Appellee's theory is that when the husband and wife, with the vendors, signed the contract of purchase and sale, they became the equitable owners of the realty as tenants by the entirety and this ownership continued until such time as a deed was given which deed should have been made to both.

Appellant contends that estates by entirety can be created only by conveyance specifically setting up such estate and since this was not done here appellee cannot succeed.

The source of appellee's title is the contract of purchase.

This contract vested the equitable title in the husband and wife as husband and wife, and, in the absence of words creating a specific statutory estate, must be controlled by the common law and the express statutory provisions of Sections 13384 and 13383, Burns Ann. St. 1926.

There can be no doubt that when the husband and wife (the second parties of the contract) performed those acts necessary to be performed by them to entitle them to a deed that the parties of the first part should have given a deed to appellee and husband. In equity and good conscience a deed should have been made to them as husband and wife in accordance with the contract. Since equity regards that as done which should have been done the

only result could be as the trial court found and which no doubt was used in arriving at that result.

In the instant case we have property subject to a trust. As soon as this contract of purchase was signed, the vendors became the trustees holding the land in trust for the vendees. Even if it could be said that this last statement is not absolutely correct (which we do not concede under any circumstances) the case at bar presents even a stronger case if such be possible. Here when the contract had been performed to the point where the vendees were entitled to a deed all that remained for the vendors to do was prepare the deed. Certainly at that time and from that time on until a deed was made to the purchasers as they appeared named in the contract the vendors were trustees holding the land in trust for the purchasers. There could be no default at that time as there was nothing more to be done by the purchasers.

We have here not only property subject to a trust but clear and imperative direction. The contract reads: "if the second parties shall first make the payments and perform the covenants hereinafter mentioned on their part to be made and performed (which was done fully) first parties hereby covenant and agree to convey and assure to second parties . . . , etc." Who are the second parties? The opening paragraph says "Joseph M. Sherer and Eura M. Sherer, *husband and wife*." Isn't that clear and imperative? It doesn't say to Joseph M. Sherer and Eura M. Sherer jointly, or as tenants in common or in words which would indicate any other estate than a tenancy by the entireties.

The appellant says that to arrive at this result the law authorizing the creation of estates by entireties will be enlarged. They say this cannot be done and cite *Koehring* v. *Bowman et al.* (1924), 194 Ind. 433, 142 N. E. 117,

118, where the Court, speaking through Ewbank, J., says, "Such estates are not in harmony with any other part of the law of Indiana governing the legal rights of husband and wife, and the law authorizing their creation will not be enlarged by construction." *This is only cited to show the appellant's contention.* But we are not by *construction* enlarging any law authorizing their creation. We are only applying equitable principles to a state of facts where only equity has jurisdiction. The principle is applied here to carry out the clear and imperative purpose of the parties to this contract and for no other purpose.

Finding no reversible error the judgment of the Marion Circuit Court is affirmed and it is so ordered.