In the Matter of the Application for the Sale of Real Property of
CHARLES BEECHER and JENNIE BEECHER, Infants.

County Court, Delaware County, May 7, 1934.

*Paul Eaton,* for the petitioners.

O'CONNOR, J.   This is an application for an order directing sale of the interest of Charles Beecher and Jennie Beecher, infants, in certain real property situate in the town of Franklin, Delaware county, N. Y.   Prior to November 13, 1931, the title to said premises was in Arthur J. Neer by virtue of a deed from Austin W. Reynolds and wife.   Arthur J. Neer on that date as vendor entered into a land contract with William C. Beecher and Ruth L. Beecher, his wife, as vendees, whereby said Neer agreed to sell and convey said premises to the said William C. Beecher and Ruth L. Beecher, his wife.   William C. Beecher and Ruth L. Beecher thereupon went into possession of said premises under said contract and continued in possession thereof until the death of the said William C. Beecher, intestate, on or about September 13, 1933.   Said Charles Beecher and Jennie Beecher are the children of said William and Ruth L. Beecher.

The question which arises is as to whether the said William C. Beecher and Ruth L. Beecher, his wife, were tenants by the entirety as to the interest they had in said premises under said contract and on the death of said William C. Beecher the said Ruth L. Beecher, his wife, became seized of the entire estate which said Beecher and his wife had during his lifetime, or whether the interest which the said William C. Beecher had in said premises at his death descended to his children subject to the dower right of his said wife.

There seems to be no case directly in point in the State of New York decisive of this question. If a deed of these premises had been given and William C. Beecher and Ruth L. Beecher, his wife, had been named therein as grantees, there is no doubt that the said William C. Beecher and his said wife would have taken title to said premises as tenants by the entirety and on the death of William C. Beecher his wife would have become seized of the entire title to said premises. The law is so well settled as to this that citation of authorities is not necessary.

It is difficult to understand why the same rule does not apply to the interest acquired by a husband and wife as vendees under a contract of sale. The interest which William C. Beecher and Ruth L. Beecher, his wife, acquired under said contract was an interest in real estate. (*Matter of McMonagle*, 139 App. Div. 398; *Thomson* v. *Smith*, 63 N. Y. 301.) That being so, why should not their interest therein be that of tenants by the entirety?

In Thompson on Real Property, section 1735, it is said: "A tenancy by entireties arises upon the vesting of any kind of an estate in husband and wife, whether it be in fee, in tail, for life, or for years; whether it be in possession, reversion, or remainder." In Michigan the law is that an interest of husband and wife in land under a contract for its purchase by both is an estate by the entirety. (*Matter of Berry*, 247 Fed. 700; *Stevens* v. *Walseman*, 213 Mich. 559; 182 N. W. 73; *Zeiger* v. *Roiser*, 200 Mich. 328; 166 N. W. 886.)

It has been urged that upon the death of William C. Beecher, his interest in the premises descended to his heirs subject to the dower right of his wife because the interest of a vendee in a contract of sale for the purchase of land is real estate and as such passes to his heirs. (*Abate* v. *Bianco*, 143 App. Div. 511.) If William C. Beecher had been the sole vendee named in the contract his interest in the premises would have descended to his heirs at law subject to the dower interest of his wife, Ruth L. Beecher. But such is not the case. The vendees named in the contract are William C. Beecher and Ruth L. Beecher, his wife. The estate which the wife Ruth L. Beecher had under the contract vested in her at the time the contract was executed and she entered into possession of said premises. Her title could not be affected by the subsequent death of her husband except that she thereby became vested of the entire estate.

" It is frequently held that the interest of husband and wife in a contract for the sale of land in which their names appear as vendees, or of which they are assignees, is an estate by entirety." (30 C. J. p. 566, § 99.)

" Where real property is held as an estate by the entirety and

one spouse dies, the surviving spouse retains the whole estate as sole owner. The effect of the death of one spouse is merely to free the estate from participation by that spouse. The survivor takes by virtue of the original grant or devise; he does not take a new or additional interest by virtue of survivorship, nor does he take by descent or intestate succession. An estate by the entirety is not the subject of dower; on the death of a husband the surviving wife takes, not dower, but all. The right of the survivor to the whole estate is merely an incident of an estate by entirety, and does not constitute a remainder, either vested or contingent." (30 C. J. p. 570, § 105.) (See *Price* v. *Pestka*, 54 App. Div. 59.)

The interest of the vendor in a contract of sale is deemed personal property and on his death intestate descends to his next of kin. (*Williams* v. *Haddock*, 145 N. Y. 144.) In *McArthur* v. *Weaver* (129 App. Div. 743) lands had been conveyed by deed to a husband and wife and they had contracted to sell to a third party. Before the vendee was entitled to his deed the husband died. It was held that the wife on the death of her husband took all as tenant by the entirety; the vendee was bound to accept the title from her and she could enforce the contract. This is not exactly in point but supports the proposition that a conveyance to a husband and wife of an interest in land creates an estate by entirety and is not affected by any subsequent event except an absolute conveyance by both.

The interest of William C. Beecher and Ruth L. Beecher, the vendees named in the contract during their lifetime, was that of tenants by the entirety, and upon the death of the said William C. Beecher, his wife, Ruth L. Beecher, became vested of the entire estate to which they were entitled under said contract. It follows that the said Jennie Beecher and Charles Beecher, infant children of William C. Beecher and Ruth L. Beecher, upon the death of their father, William C. Beecher, took no interest or title of any name or nature to the premises in question.

The petition is, therefore, denied and an order may be entered accordingly.