FRANK SASSO, Respondent, v. MEACHAM REALTY CORPORATION, Appellant.— Order denying defendant's motion to dismiss the complaint for insufficiency in an action for the specific performance of a contract for the sale of land affirmed, with ten dollars costs and disbursements, with leave to defendant to serve its answer within ten days from service of a copy of the order herein. The contract, dated June 21, 1926, was made between the defendant, as owner of the property, and the plaintiff and his wife, as vendees. The plaintiff's wife died before the delivery of the deed. The complaint demands that plaintiff be adjudged entitled to a conveyance. The court at Special Term denied the motion to dismiss the complaint, holding that, since the vendees were husband and wife, they took as tenants by the

entirety. In our opinion, the decision is correct. Upon the execution of the contract the plaintiff and his wife became the equitable owners of the property; and as the contract provided for the delivery of a deed to them as husband and wife, they took as tenants by the entirety. The common-law principle that a conveyance to a husband and wife creates a tenancy by the entirety applies as well to the interest acquired by a husband and wife as vendees under a contract of sale. (*Matter of Beecher*, 151 Misc. 395; *Zeigen* v. *Roiser*, 200 Mich. 328; 166 N. W. 886; *Matter of Berry*, 247 Fed. 700.) There is a doctrine to the contrary in Weed's Practical Real Estate Law ([2d ed.] p. 1059) and Robinson's New York Real Estate Law (p. 167), but the cases there cited (*Stelz* v. *Shreck*, 128 N. Y. 263, and *Banzer* v. *Banzer*, 10 Misc. 24) do not sustain the text. We are of opinion that an estate by the entirety may be created by a contract of sale to a husband and wife and that such an estate was created by the contract involved in this appeal. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.