LUCY A. ROBERTS, Plaintiff, *v.* FRED ROBERTS et al., Defendants.

Supreme Court, Special Term, Warren County, November 9, 1954.

*John S. Hall* for plaintiff.

*Emery A. Hamblin* for defendants.

AULISI, J. This is an action brought under article 15 of the Real Property Law for a determination of a claim to real property.

The parties have stipulated the facts from which it appears that the plaintiff and Willard C. Roberts were married on February 28, 1947, and thereafter lived together as husband and wife in Warrensburg, New York, until February, 1953, when she left her husband and took up her residence in the State of Florida. On September 20, 1950, plaintiff and her husband purchased and took over by assignment a contract for the purchase of real property in the town of Warrensburg, N. Y., and the instrument set forth the purchasers as "Willard C. Roberts and Lucy Ann Roberts". The purchase price was paid prior to February 24, 1954, when the husband died, he

having assigned, on the day before his death, all his interest in the contract to his sister, the defendant, Althea Wells.

On November 13, 1953, the plaintiff filed a complaint for divorce in the State of Florida and prior to and subsequent to the commencement of her action, she wrote a series of letters to her husband in which she asked for his co-operation in her efforts to procure the divorce. She declared herself willing to release her interest in the real property above mentioned in return for his co-operation. In accordance with the plaintiff's request, the husband authorized a Florida attorney to appear for him in the divorce action and also mailed to said attorney an assignment of plaintiff's interest in the contract. The latter was never executed by the plaintiff and the divorce action was pending at the time of the death of her husband.

The plaintiff contends that she is sole owner and holder of the contract of sale as the survivor of a tenancy by the entirety. It is the contention of the defendants that the assignment did not constitute the parties tenants by the entirety and if so, the tenancy changed to a tenancy in common when the plaintiff left her husband and by other subsequent acts. The defendants further contend that there was an equitable assignment of plaintiff's interest to her husband.

I am of the opinion that the plaintiff should prevail. At common law a conveyance by a third person to husband and wife created a tenancy by the entirety based on the principle which regarded husband and wife as one person and such tenancy is still recognized in this State. (*White* v. *White,* 109 N. Y. S. 2d 863.) The provisions of section 66 of the Real Property Law, that an estate granted to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be a joint tenancy, does not change the common-law rule even though the relationship did not appear on the face of the deed. (*Armondi* v. *Dunham,* 128 Misc. 881, affd. 221 App. Div. 679, affd. 248 N. Y. 603; *Booth* v. *Fordham,* 100 App. Div. 115, affd. 185 N. Y. 535.)

Although it is better practice, as a matter of evidence or of certainty, to add descriptive words in the grant stating the marriage relationship and nature of the grant to show intention to create tenancy by the entirety, it is not essential if the relationship of husband and wife exists and is established. The conveyance of realty to husband and wife therefore creates a tenancy by the entirety, notwithstanding the omission of the words " his wife " (*Armondi* v. *Dunham, supra*), and that applies as well to the interest acquired by a husband and wife

as vendees under a contract of sale. (*Matter of Beecher,* 151 Misc. 395; *Sasso* v. *Meacham Realty Corp.,* 242 App. Div. 853.)

The leaving or abandoning of the husband by the plaintiff prevented her from claiming support and maintenance but did not destroy the estate she held with her husband as his wife. As long as the marital status exists, a tenancy by the entirety continues. When husband and wife take title to real property without any restriction, they become tenants by the entirety and that tenancy being founded upon the marriage relationship, continues during the life of the marriage, but when the marital status is broken by divorce, the tenancy is severed and the parties become tenants in common. (*Hosford* v. *Hosford,* 273 App. Div. 659; *Mastrofrancisco* v. *Mohawk Gas Co.,* 201 App. Div. 586.)

As to the question of " equitable assignment " — what the defendant, Althea Wells, is actually seeking is a specific performance of an agreement the plaintiff had with her husband and outlined in her letters to him. The only act which the husband performed to satisfy the aim of the agreement, viz., the procurement of a divorce, was to authorize his appearance in the Florida action.

Not every act of part performance will move a court of equity to enforce an agreement that comes within the Statute of Frauds. An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not in general admitted to constitute part performance. (*Woolley* v. *Stewart,* 222 N. Y. 347.) What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done. (*Burns* v. *McCormick,* 233 N. Y. 230; *Neverman* v. *Neverman,* 254 N. Y. 496.) Conduct claimed as performance must be definitely and exclusively referable to the agreement. Conduct or acts must be in consequence of the contract, and such as would not have been done but for the contract. (*Canute* v. *Minor,* 232 App. Div. 325, affd. 258 N. Y. 558.)

I do not feel that the husband performed any acts exclusively referable to the passing of interest to the real property. His position was not changed and he made no improvements to the realty on the strength of the agreement. He may have desired the divorce as much as she indicated wanting it. Therefore, it can not be said that plaintiff's failure to live up to her agreement worked an injustice and fraud on the husband.

Nor can it be said that because of the confidential relationship of husband and wife the agreement is enforcible in equity. To

enforce an agreement that would ordinarily be unenforcible because of the Statute of Frauds on the grounds of fraud and injustice, it must be shown that one has benefited through fraud, either actual or constructive, which fact raises a presumption against the validity of the transaction. Abuse of confidential relationship, unjust enrichment and part performance are other necessary ingredients. (*Frick* v. *Cone*, 160 Misc. 450, affd. 251 App. Div. 781; *Foreman* v. *Foreman*, 251 N. Y. 237.)

I do not feel that any confidential relationship has been abused nor do I believe that the plaintiff induced her husband to co-operate with a preconceived intention that she would default. The most that can be said against the plaintiff is that she made a promise which the law did not compel her to keep, and that afterwards she failed to keep it. The breach of a void agreement is not a fraud or a wrong in law. (*Woolley* v. *Stewart*, 222 N. Y. 347, *supra*.) Furthermore the agreement, if one there be, would be clearly unenforcible as against public policy for the reason that it had for its purpose a scheme to obtain or facilitate the dissolution of a marriage by divorce. (*Schley* v. *Andrews*, 225 N. Y. 110; *Matter of Rhinelander*, 290 N. Y. 31.)

In conclusion, therefore, I direct judgment in favor of the plaintiff for the relief demanded in the complaint, and that may be settled on notice.