Argued June 16, reversed and remanded September 7, 1960

PIERCE *v.* HALL ET AL
355 P. 2d 259

*Burton J. Fallgren,* Portland, argued the cause for appellants. With him on the briefs were McCarty, Swindells, Miller & McLaughlin, Portland.

*Paul J. O'Hollaren,* argued the cause and submitted a brief for respondent.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Millard, Justices.

O'CONNELL, J.

Plaintiff brings this suit to quiet the title to certain real property located in Multnomah county. Defendants appeal from a decree for the plaintiff.

■ On September 2, 1947, plaintiff and Roberta L. Pierce, entered into a contract to purchase the subject property. The contract describes the purchasers as "Benjamin Pierce and Roberta L. Pierce—husband and wife." This recital, if accepted as true, would be sufficient to create in the purchasers a tenancy by the entirety in an equitable estate in the land described. *Indiana Trust Co. v. Sherer,* 96 Ind App 62, 180 NE 603 (1932); *Zeigen v. Roiser,* 200 Mich 328, 166 NW 886 (1918); *Hernandez v. Prieto,* 349 Mo 658, 162 SW2d 829 (1942); *Sasso v. Meacham Realty Corporation,* 242 App Div 853, 275 NYS 230 (1934); *In re Beecher,* 151 Misc 395, 271 NYS 446 (1934). Cf., *Ganoe v. Ohmart,* 121 Or 116, 254 P 203 (1927).

■ On June 11, 1956, before the purchase price was fully paid, Roberta L. Pierce died intestate, leaving as heirs her two sons by a former marriage, Edward E. O. Hall and John T. Hall who, together with their respective wives, are the defendants in this suit. The complaint contains the usual allegation in suits to quiet title that the defendants claim some interest in the property in question and that such claims are without right.

Defendants' answer denies the plaintiff's assertion of title and also denies that Benjamin Pierce and Roberta Pierce were, at any time, husband and wife. By separate answer and cross-complaint defendants allege that Benjamin Pierce and Roberta Pierce were never legally married; that they were not husband and wife at the time the contract of sale was entered into, and that upon Roberta Pierce's death an undivided one half interest in the property in dispute descended to Edward E. O. Hall and John T. Hall, her heirs at law.

Plaintiff demurred to the separate answer and cross-complaint on the ground that it did not constitute a cause of defense. The demurrer was sustained. Thereupon defendants pleaded over, alleging that the plaintiff and Roberta Pierce had invested approximately $3,000 of the money of defendant, Edward E. O. Hall, in the subject property, giving rise to a constructive or resulting trust. Plaintiff replied and the case proceeded to trial, culminating in a decree quieting the title in the plaintiff.

On appeal defendants contend that the court erred in sustaining plaintiff's demurrer to defendants' cross-complaint. It is contended that the allegation in the cross-complaint that plaintiff and Roberta Pierce were not husband and wife at the time the contract was executed, if proved, would constitute a defense inasmuch as the purchasers would take as tenants in common and not as tenants by the entirety. Plaintiff's theory, which was accepted by the trial court, is that the defendants are precluded from attacking the title on the ground alleged, because the recital in the contract that plaintiff and Roberta Pierce are husband and wife must be accepted as true under ORS 41.350 as interpreted by *Twigger v. Twigger,* 110 Or 520, 223 P2d 934 (1924). The pertinent part of ORS 41.350 provides as follows:

> "41.350 Conclusive presumptions. The following presumptions, and no others, are conclusive:
> * * * * *
> "(3) The truth of the facts recited from the recital in a written instrument, between the parties thereto, their representatives or successors in interest by a subsequent title; but this rule does not apply to the recital of consideration."

In *Twigger v. Twigger,* supra, it was held that a recital in a deed that John Twigger and Martha

Twigger, grantees, were husband and wife, was conclusive as against John Twigger's heir who alleged that, because the marriage ceremony into which the grantees had entered was invalid, they took as tenants in common only and not as tenants by the entirety. That case was overruled in *Emmons v. Sanders,* 217 Or 234, 342 P2d 125 (1959), after the appeal in the present case was filed.

■ In the Emmons case we held that a recital that the co-grantees were husband and wife was not conclusive upon the heir of one of the co-grantees, notwithstanding ORS 41.350 (3). It follows that the defendants' separate answer and cross-complaint, in alleging that the plaintiff and Roberta Pierce were not husband and wife at the time the contract was executed, stated a good cause of defense to plaintiff's claim of title. Because the order sustaining the demurrer had the effect of removing from the case the issue of the validity of the marriage of plaintiff and Roberta, the cause must be remanded to permit that issue to be tried out, together with any other issues which may be available to the parties. We take note of the fact that defendants did introduce evidence under the rule purporting to show that plaintiff and Roberta Pierce were not lawfully married. However, this evidence was not relevant to the issues formed by the pleadings and plaintiff had no obligation to meet it. Upon a retrial of the cause it is possible that plaintiff can show that Roberta Pierce and plaintiff were lawfully married at the time they signed the land sale contract. Even though it is established that they were not husband and wife at that time, plaintiff may still be entitled to a decree quieting title in him if it is shown that he joined in the execution of the contract as a result of Roberta's fraud or as a result

of other conduct on her part constituting grounds for an estoppel against her and her heirs.

In *Emmons v. Sanders,* 217 Or 234, 244, in commenting upon the effect of ORS 41.350 (3), we noted in passing that "Although the recital does not conclusively establish the fact recited, it is possible that upon other grounds, such as fraud, a co-grantee's interest in the property conveyed may be affected by his misrepresentation concerning his marital status and his legal capacity to enter into a valid marriage with his co-grantee." Thus it has been held that where a conveyance is made purporting to create a tenancy by the entirety and the husband withholds from his wife the bigamous nature of their marriage, he or his heirs are estopped to deny that a tenancy by the entirety was created. *Alexander v. Colston,* 66 So2d 673 (Fla 1953).

■ Where the purported estate by the entirety was created out of the property separately owned by the defrauded husband prior to the conveyance which purported to create a tenancy by the entirety, it has been held that he may set aside the undivided one half interest created in his ostensible wife on the ground that the interest was created by mistake. *Hutson v. Hutson,* 168 Md 182, 177 A 177 (1935). It has also been said in a dictum that an estoppel would be raised where the spouse withholding the fact of a previous marriage thought that such marriage had been dissolved by divorce. *Kerivan v. Fogal,* 156 Fla 92, 22 So2d 584 (1945). The result can be justified on the theory of estoppel. Where, at the time of a conveyance to husband and wife, the co-grantee has knowledge that his spouse's previous marriage had not been dissolved, there is no basis for an assertion of estoppel by him or his heirs and, therefore, in the

absence of a properly manifested intent to create some other form of concurrent interest, the deed would create a tenancy in common only. It was so held in *Loper v. Loper,* 170 A 804 (Del Super Ct 1934); *Spanier v. Spanier,* 120 Ind App 700, 96 NE2d 346 (1951); *Singleton v. Cushman,* 117 Ind App 183, 70 NE2d 642 (1947); *Bell v. Little,* 204 App Div 235, 197 NYS 674 (1922); *Grant v. Toatley,* 244 N C 463, 94 SE2d 305 (1956); *McKee v. Bevins,* 138 Tenn 249, 197 SW 563 (1917). But cf., *Danes v. Smith,* 30 N J Super 292, 104 A2d 455 (1954); *Porter v. Landis,* 329 Mich 76, 44 NW2d 877 (1950).

■ As we explained in *Emmons v. Sanders,* supra, a bona fide purchaser is entitled to rely upon a recital which, if true, would have the effect of creating a tenancy by the entirety.

As we have already suggested, the plaintiff may have evidence to support his claim to sole ownership in the property in question. The cause is remanded with directions to overrule plaintiff's demurrer to defendants' answer.

Reversed and remanded.