WILLIAM E. ARNSTEIN et al., Appellants, *v.* LEONARD PRICE et al., Respondents, and WILLIAM E. ARNSTEIN et al., as Executors of ELSIE N. ARNSTEIN, Deceased, Intervenors-Appellants.

Second Department, March 22, 1955.

*Chester T. Lane* and *Walter E. Beer, Jr.,* for appellants and intervenors-appellants.

*Jack-H. Hantman* for respondents.

*Per Curiam.* In an action to determine claims to real property, pursuant to article 15 of the Real Property Law, plaintiffs and defendants-intervenors appeal from a judgment providing that their motions for judgment on the pleadings under rule 112 of the Rules of Civil Practice be denied, that the complaint be dismissed and the answer of the defendants-intervenors be struck out, that defendants' motion for judgment on the pleadings be granted, and that defendants have judgment for the relief demanded in their counterclaim, to wit, specific performance of a contract for the sale of a certain parcel of real estate. The question presented is whether defendants effectively exercised an option to purchase said premises, contained in a contract dated June 9, 1950, made by Elsie N. Arnstein, the then owner of the property. In that contract, among other things, she agreed, for her heirs, executors and administrators, that in the event of her death they would within one year thereafter make an offer of sale of the property to Howard Price or his heirs, executors or administrators, for a specified price, payable as set forth therein. The offer was to be subject to acceptance at any time within ninety days of the date of its mailing.

Howard Price died, intestate, in 1950, leaving a widow and two infant children, who are the defendants. Mrs. Arnstein died in April, 1953. Plaintiffs are the owners of the real property by virtue of a specific devise in her will; defendants-intervenors are her executors. Pursuant to the contract of June 9, 1950, the executors in August, 1953, mailed a signed contract of sale to the heirs, executors or administrators of Howard Price, deceased. Within the ninety-day period, the proposed contract was signed by defendant Joan Price, individually, and as administratrix of the estate of Howard Price and as general guardian of the two infant children, and the required down payment was made. No court approval of the proposed contract was sought or obtained by defendant Joan Price in either of her fiduciary capacities. Special Term held that the option survived the death of Howard Price, that it was timely exercised, and that

the contract of November 13, 1953, executed by the executors of Mrs. Arnstein and by defendant Joan Price was binding upon plaintiffs and the defendants-intervenors. Upon this appeal, their principal contention is that the court erred in holding that a guardian of infant heirs has legal authority, without prior court approval, to expend the funds of her wards for the purchase of real estate.

We are of the opinion that Special Term was clearly correct in holding that the option survived the death of Howard Price. We are also of the opinion that, on the facts presented by this record, prior court approval of the proposed contract was unnecessary. The option was an asset of the estate which the administratrix was under a duty to preserve if it seemed to her valuable. (*Farley* v. *Secor,* 167 App. Div. 80, 83.) Whether the option should be exercised was a matter involving business judgment or discretion for the administratrix to decide, and the courts ordinarily will not give advisory opinions as to how such discretion or judgment should be exercised. (Cf. *City Bank Farmers Trust Co.* v. *Smith,* 263 N. Y. 292, 295; and *Matter of Hotaling,* 250 App. Div. 489, 490.)

The record does not indicate that the infants' funds will be invested in the purchase of the premises. If the infants' moneys are not used for that purpose, there can be no question of an unauthorized investment, in violation of section 85 of the Domestic Relations Law and related statutes, nor of possible liability on the part of the plaintiffs and defendants-intervenors for participating in a prohibited investment. We see no reason why the option may not be exercised by defendant Joan Price if no infants' funds are used in making the required payments. If, however, the infants' funds are to be used, court approval therefor should first be obtained. In our opinion, the Supreme Court and the Surrogate's Court have power, in a proper case, to authorize such investment. In the exercise of its broad powers over the estates of infants, the Court of Chancery could and did permit a change of the personal property of an infant into real property, where it was for the benefit of the infant. (*Matter of Bolton,* 20 Misc. 532, affd. 37 App. Div. 625, affd. 159 N. Y. 129; 3 Story's Equity Jurisprudence [14th ed.], § 1777.) That power was transferred to the Supreme Court (N. Y. Const., art. VI, § 1; *Wilcox* v. *Wilcox,* 14 N. Y. 575, 578-579; *Matter of Hubbard,* 82 N. Y. 90, 92) and similar jurisdiction exists in the Surrogate's Court. (Surrogate's Ct. Act, §§ 173, 40; cf. *Matter of Raymand* v. *Davis,* 248 N. Y. 67, 71-72; and *Matter of Lyon,* 266 N. Y. 219, 222-223.) The exercise of that power is not

abridged by section 85 of the Domestic Relations Law. That section refers to and must be read with section 21 of the Personal Property Law which, in paragraph (n) of subdivision 1 thereof, provides that it shall not be deemed to limit the effect of any court order creating or defining the investment powers of a fiduciary or to restrict the authority of a court of proper jurisdiction to instruct the fiduciary in the administration of the property under the fiduciary's care.

We find no merit in the claim that the contract is unenforcible for lack of mutuality. It was executed by defendant Joan Price in her individual as well as in her fiduciary capacities. It could, in our opinion, have been enforced against her, and an appropriate judgment could have been obtained in an action for such relief which would have protected the interests of all parties concerned. (Cf. *Matter of McMonagle,* 139 App. Div. 398; and *Epstein* v. *Gluckin,* 233 N. Y. 490.)

The judgment should be modified on the law by inserting therein a provision that the infants' funds are not to be invested in the purchase of the real estate without prior approval of the Surrogate's Court or the Supreme Court, and that in the event of such proposed investment the defendants-intervenors shall not be required to perform the agreement dated November 13, 1953, unless court approval is obtained. As so modified, the judgment should be affirmed, without costs.

Present — NOLAN, P. J., WENZEL, SCHMIDT, BELDOCK and UGHETTA, JJ.

Judgment modified on the law by inserting therein a provision that the infants' funds are not to be invested in the purchase of the real estate without prior approval of the Surrogate's Court or the Supreme Court, and that in the event of such proposed investment the defendants-intervenors shall not be required to perform the agreement dated November 13, 1953, unless court approval is obtained. As so modified, the judgment is unanimously affirmed, without costs.

Settle order on notice.