James D. Hurley, S.
Albert E. Marshall died on November 18, 1955 leaving a last will and testament which has been admitted to probate in this court.
*231 At the time of his death, he' left him surviving his widow, Nina June Marshall.
Mr. and Mrs. Marshall were both elderly people at the time of their marriage in or about the year 1951. From the time of the marriage, Mrs. Marshall was in ill health. They resided together in Lyons, New York, until Mr. Marshall’s death.
In the year 1951 decedent and one John Blankenburg were operating a hardware business in Lyons, New York, as a corporation under the name of Lyons Hardware Co., Inc. On or about September 15,1951 decedent agreed to purchase 49 shares of the corporate stock from Mr. Blankenburg for the sum of $6,400, plus a certain additional amount as interest.
On September 7, 1951 Mrs. Marshall withdrew from her bank account in the First National Bank of Poughkeepsie, by drafts drawn by that bank, $5,726.49. This was evidenced by one draft for $5,000 and by another draft for $726.49, both payable to Mrs. Marshall. They were both indorsed by her and by the decedent.
The draft for $726.49 was deposited in their joint account in the Lyons National Bank.
The draft for $5,000 was used by decedent in part payment for two drafts drawn by the Lyons National Bank to his order. One was for $6,400 and the other was for $1,884.05. Both of these drafts were indorsed by decedent and John Blankenburg and were obviously used in the purchase of the corporate stock by the decedent from Mr; Blankenburg.
The negotiation of the drafts from the Poughkeepsie bank and issuance of the drafts by the Lyons bank occurred on September 13, 1951.
Claimant, Nina June Marshall, filed a claim against this estate for $6,000 for money loaned decedent by virtue of the transactions above described. This has been revised in amount to $5,726.49, thus conforming to the amount of the Poughkeepsie bank drafts.
The claim is resisted by the executor and by legatees under the will. They claim there is no proof of a loan and that the evidence is as consistent with the claim of a gift to decedent as with the proof of a loan. Further, they claim that other payments by claimant to decedent made on or about the date of the transactions above-mentioned, as well as prior and subsequent to that date, negative the intent to make loans of various amounts, but rather indicate an intention to make gifts. These payments total over $27,000.
There is no doubt that over the years Mrs. Marshall made payments to or for the benefit of decedent in large amounts. *232 These payments negative any idea of an indebtedness by Mrs. Marshall to decedent.
Under the circumstances, they are presumed to be loans, as the law will not presume a gift. (Grey v. Grey, 47 N. Y. 552; Nay v. Curley, 113 N. Y. 575; Matter of McMonagle, 139 App. Div. 398; Matter of Sherman, 227 N. Y. 350.)
The only other evidence indicating whether the particular transactions above-described constituted a loan was the testimony of Violet McDowell to the effect that decedent acknowledged to Mrs. Marshall in the presence of Mrs. McDowell that he owed her money.
As above stated, the draft in the amount of $726.49 was deposited in the joint account of decedent and claimant. Since claimant did not thus part with absolute title to these funds and could have used them herself, this draft constituted neither a gift nor a loan.
The $5,000 draft, as above noted, was apparently used by decedent to buy stock in the corporate business venture. It was used by decedent for his own purposes. It was not given in payment of a debt, nor was it a gift. The law therefore presumes it to be a loan, and I so hold. The claim of Nina June Marshall is allowed in the amount of $5,000.
On or about June 15, 1955 Mr. Marshall was taken ill and had to go to a hospital.
At this time, at the request of Mr. Marshall, or someone in his household, his niece, Violet McDowell, left her home in Cazenovia and went to Lyons to care for Mr. Marshall.
Mrs. McDowell has filed a claim herein for the sum of $1,575 ■ for the care of decedent for 21 weeks from June 15, 1955 to November 17, 1955, alleging an agreement on the part of decedent to pay her $75 per week.
The evidence is insufficient to satisfy the court that such an agreement was made.
However, the evidence clearly establishes the fact that Mrs. McDowell cared for the decedent in the hospital seven days a week between June 15, 1955 and July 6, 1955. It further establishes that Mrs. McDowell cared for the decedent at his home from the 6th day of July, 1955 until he returned to the hospital on November 17, 1955 where he died, except for a period of about one week when Mrs. McDowell was absent from the home.
I am satisfied from the evidence that at the time Mrs. McDowell went to the Marshall home she intended to be paid for her services, and that the decedent intended to pay her. The evidence is clear that at all times during her period of *233 service, Mrs. McDowell was most anxious to find out when and how she was to be paid. In fact, she even consulted the executor, who was the attorney for the decedent, as to the time and manner of payment. After the return of the decedent from the hospital, it appears that he was in no mental or physical condition to make any kind of an agreement to pay her.
I therefore conclude that the claimant, Violet McDowell, is entitled to receive compensation on her claim at the rate of $1 per hour for an 8-hour day, for 7 days a week for a period of 21 weeks, or a total of $1,176. The claim of Violet McDowell is allowed to this extent. (McKeon v. Van Slyck, 223 N. Y. 392.)
While the evidence shows that Mrs. McDowell worked on many occasions more than eight hours a day, in view of the fact that she occasionally went to her home in Cazenovia to care for her mother, an allowance at the rate of eight hours per day would seem to be proper.
A third claim of Rudolph E. Bramer, for labor rendered between October, 1948 and January 26, 1949 for $132.83 was rejected by the executor on the ground that the Statute of Limitations had run. Since it appears upon the face of the claim that the statute had run and no proof was offered by the claimant, the claim should be denied.
Settle order on five days’ notice.