■ LILLIAN COPPOLA, Respondent-Appellant, v. FRANK COPPOLA, Appellant-Respondent.— In an action by a wife against her husband, to recover $3,900 given by her to him, shortly after their marriage, for the purpose of purchasing a parcel of unimproved real property in her name, in which the husband interposed two counterclaims to recover, inter alia, one half the value of the parties' household furnishings which she removed and in which he claims an undivided half interest, the parties cross-appeal as follows from a judgment of the City Court of Yonkers, entered June 19, 1961 upon the decision of the court after a nonjury trial, in plaintiff's favor: (1) The husband appeals from the whole of said judgment which awarded the wife $3,021.03 (consisting of the principal sum of $2,250, interest thereon of $556.88 from May 1, 1957, and costs and disbursements of $214.15), and which dismissed the husband's counterclaims. (2) The wife appeals, on the sole ground of inadequacy, from so much of the judgment as limited her recovery to the principal sum of $2,250 plus the interest thereon, totaling $2,806.88. Judgment modified on the law and the facts to the extent of increasing the wife's recovery to $2,500, plus the interest thereon from May 1, 1957, plus the $214.15 costs and disbursements. As so modified, the judgment is affirmed, without costs. The ninth finding of fact is reversed; and in lieu thereof new findings of fact as stated herein are hereby made. It was undisputed and, accordingly, we find that the husband received

$3,900 from the wife, and that of this sum $1,100 represented the proceeds of the sale of the wife's premarital brokerage business, and the balance of $2,800 represented gifts received by the parties upon the occasion of their wedding. In our opinion, on this record, there is no basis for limiting the wife's recovery to $2,250. We find there was no justification for the husband's failure to return the $1,100 which she paid over to him. Such payment was presumed to be a loan (*Matter of Marshall*, 7 Misc 2d 230); and we find the proof was insufficient to rebut such presumption. Under the circumstances disclosed by this record, we also find that the $2,800 in wedding gifts was the joint property of the parties (*Avnet* v. *Avnet*, 204 Misc. 760; *Plohn* v. *Plohn*, 206 Misc. 969, mod. on other grounds 1 A D 2d 824). The wife, therefore, is entitled to half of this amount, or $1,400. Hence her total recovery should be increased to $2,500, plus interest thereon from May 1, 1957, and costs. With respect to the husband's counterclaims, we find that the release clause in the written separation agreement between the parties bars him from claiming any right of setoff or other affirmative relief (cf. *Cooperstown Cattle Co.* v. *Smith*, 275 App. Div. 240). Beldock, P. J., Kleinfeld, Christ and Rabin, JJ., concur; Brennan, J., taking no part.