■ In the Matter of JOAN TRICKEL, Appellant, v GEORGE TRICKEL, Respondent. — Appeal (1) from an order of the Family Court of Sullivan County (Hanofee, J.), entered July 24, 1981, which, *inter alia*, required respondent to pay child support and maintenance, and (2) from an order of said court, entered October 19, 1981, which granted leave to reargue and then adhered to the original decision and order. The parties were married on February 7, 1964 and divorced pursuant to a judgment of divorce dated March 9, 1981. Custody of the two minor children of the marriage was awarded to petitioner and questions of child support, maintenance and counsel fees were referred to Family Court. Following a hearing and based on the affidavits and documents submitted by the parties, the Family Court found that respondent's gross salary was $410 per week and his net was $269.31; that he had three life insurance policies on his life; and that the only marital property other than these insurance policies was the household furnishings which the court valued at $1,300. By order entered July 24, 1981, the court directed that respondent make the children the beneficiaries of the three life insurance policies and keep the premium payments up to date; that he pay petitioner $650 for her share of the marital property; that he pay child support in the amount of $110 per week for two years and thereafter in the amount of $130 per week; that he pay maintenance to petitioner of $20 per week for two years; and that counsel fees in the amount of $250 be paid by respondent. The court subsequently granted petitioner's motion for reargument and following the receipt of additional affidavits and a letter from respondent the court adhered to its original decision and order.

This appeal from both orders ensued. Initially, petitioner contends that the court's limitation of maintenance to a two-year period was arbitrary and capricious in view of a physician's report which stated that one of petitioner's children has respiratory problems and petitioner is unable to leave him to work. This report, however, failed to indicate that the child's condition was permanent or would last for any extended period of time and, therefore, we cannot conclude on this record that the court's determination in this regard was arbitrary or capricious. Petitioner also argues that the court improperly failed to consider as marital property a savings account established by respondent through payroll deductions. While testimony was taken concerning this account and the court requested a record of the account, no record of the account appears in the present record and the court made no mention of the account in its decision. We are of the view that the court erred in this regard and the matter must be remitted for a determination of the amount in the account when these proceedings were taking place and petitioner's entitlement to a portion, if any, of the account. In view of the necessity of remittal, we would note that although respondent expressed a willingness to continue providing hospitalization insurance coverage for the children, the court did not include a provision in its order requiring him to do so. It also appears from the record that while the court directed that respondent make the children the beneficiaries on three life insurance policies on his life, two of these policies insured the lives of the children rather than respondent's life. The court's order in this regard was, thus, erroneous. Finally, we are of the opinion that the court improperly failed to consider in its decision the fact that respondent's gross salary was concededly increased in April, 1981 to $440 per week and that his net salary was low due to the fact that during the year he claimed zero tax exemptions. Respondent admitted that his purpose in taking zero exemptions during the year was to increase his tax refund upon filing his income tax return. The court, in fact, directed that respondent have the right to claim the children as dependents for tax purposes as long as he was obligated to and did pay for their support. In actuality then, respondent's net pay would increase if he claimed the exemptions during the year to which he was legally entitled and this fact should have been considered by the court. We have considered all other arguments urged by petitioner and find them unpersuasive. The order entered July 24, 1981 must be reversed and the matter remitted to the Family Court for further proceedings. In view of this determination, petitioner's appeal from the order entered October 19, 1981 has been rendered academic. Order entered July 24, 1981, reversed, on the law and the facts, with costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent herewith. Appeal from order entered October 19, 1981, dismissed, as academic, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.