■ TAMARA RYWAK, Respondent, v ROMAN RYWAK, Appellant. — In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Buschmann, J.), dated July 20, 1982, as (1) directed him to pay the plaintiff wife one half the market value, or, at his option, the proceeds from the sale of the marital residence, less the mortgage remaining and the cost of improvements, and (2) directed him to pay the plaintiff the sum of $14,750, representing a one-half interest in certain moneys received by the defendant from the sale of a home in Jamaica, Queens, and one half of a certain savings account. ¶ Judgment modified, on the law and the facts, by deleting the tenth decretal paragraph which directs defendant to pay plaintiff $14,750. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. ¶ The evidence clearly established that the marital residence was acquired by the parties during the marriage. It was purchased with the proceeds from the sale of the parties' prior residence, which had been

a wedding gift to them from the defendant's parents (see *Coppola v Coppola,* 18 AD2d 1004, 1005; *Nehorayoff v Nehorayoff,* 108 Misc 2d 311, 315; *Avnet v Avnet,* 204 Misc 760). ¶ Pursuant to section 236 (part B, subd 1, par c) of the Domestic Relations Law, the residence was properly found to be "marital property" and therefore subject to equitable distribution upon dissolution of the marriage. The court reviewed the several factors outlined in section 236 (part B, subd 5) and determined that the equitable distribution of the asset was one half to each party. ¶ The circumstances upon which the disposition was based were, *inter alia,* that the parties had approximately the same income and had contributed to the household expenses; that they were self-supporting and relatively young; and, that there were no issue of the marriage and no need for either party to occupy the marital residence. Under the circumstances, the 50-50 distribution of the market value (or proceeds of the sale) of the residence, less the outstanding mortgage and cost of improvements, was equitable. ¶ However, we remit to Special Term for a hearing to determine the balance in the savings account in defendant's name at the time this action was commenced (see *Matter of Trickel v Trickel,* 88 AD2d 741, 742; *Forcucci v Forcucci,* 83 AD2d 169, 172). Although the court correctly determined that the account should be equally divided the court erred in directing that plaintiff receive 50% of $29,500, or $14,750. There were a number of withdrawals from the account which were utilized for the benefit of either the plaintiff or the defendant during the marriage. As indicated, there should be equal division, but of the amount which remained in the account at the time this action was commenced. Mollen, P. J., Weinstein, Rubin and Boyers, JJ., concur.